[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

No. 06-14981
Non-Argument Calendar

_____

D. C. Docket No. 02-00772-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASUNCION LOZANO-LOZA,
a.k.a. Miguel Angel Ramirez,
a.k.a. Asuncion Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 15, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Asuncion Lozano-Loza appeals his 70-month sentence for illegal reentry

into the United States. See 18 U.S.C. § 1326. When the district court calculated the applicable Sentencing Guidelines range, it imposed an enhancement based on a prior felony conviction reported in the Presentence Investigation Report. See United States Sentencing Guidelines § 2L1.2(b)(1)(A) (Nov. 2005). Lozano-Loza argues that the enhancement is unconstitutional under United States v. Booker, 543 U.S. 220, 128 S. Ct. 738 (2005), because the prior conviction was not alleged in the indictment or proved to a jury beyond a reasonable doubt. We affirm.

Because Lozano-Loza did not raise his objection before the district court, we review for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 196 (2005).

Lozano-Loza's argument is foreclosed by controlling authority. The Supreme Court held in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005) (internal quotation marks omitted). As Lozano-Loza concedes, we have held that "[t]his conclusion was left undisturbed by Apprendi, Blakely, and Booker." Id. "Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not

2

controlling precedent." United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005) (internal quotation marks omitted).

Even if Almendarez-Torres were not controlling precedent, we would conclude that there was no error because Lozano-Loza admitted to the existence of his prior felony conviction.  The conviction was reported as fact in the PSI, and Lozano-Loza raised no objection.  See Shelton, 400 F.3d at 1330 (facts alleged in the PSI and not challenged by defendant are deemed admitted).

Lozano-Loza's sentence is

**AFFIRMED.**