[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16456
Non-Argument Calendar

_____

D. C. Docket No. 06-00108-CR-T-27MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENNARD ALLEN, JR.,
a.k.a. Kiki,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 23, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Lennard Allen Jr. appeals his sentence of imprisonment for 70 months for

conspiracy to possess with intent to distribute cocaine. See 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. Allen argues that the district court relied too heavily on the advisory Sentencing Guidelines and imposed an unreasonable sentence. Allen contends, alternatively, that the district court should have granted a downward departure based on his "extraordinary" circumstances. We affirm.

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. Arguments raised for the first time on appeal are reviewed for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 196 (2005).

Allen's main argument fails. Allen's sentence of 70 months of imprisonment, which was the low end of the advisory guidelines range, was

reasonable. The transcript of the sentencing hearing establishes that the district court sentenced Allen after careful consideration of Allen's arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a).

Allen contends, alternatively, that the district court erred by failing to revisit possible downward departures not mentioned in the presentence investigation report, see U.S.S.G. § 5K1.1, et seq., but this argument also fails. Because Allen failed to object to the calculation of the Guidelines range before the district court, we review for plain error. Allen cites no authority for his argument that the district court was obliged to consider sua sponte possible downward departures not mentioned either in the presentence report or by Allen at the sentencing hearing. The district court did not plainly err.

Allen's sentence is

**AFFIRMED.**