[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15968
Non-Argument Calendar

_____

D. C. Docket No. 07-00041-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME SESSIONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 20, 2008)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

A Northern District of Florida jury convicted Jerome Sessions of distributing

crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and the district court

sentenced him to prison for 360 months.  He now appeals his conviction and

sentence.  Sessions challenges his conviction on the grounds that the district court

abused its discretion by admitting evidence of his prior convictions under Federal

Rule of Evidence 404(b), and erred in denying his motion for judgment of

acquittal, and abused its discretion in denying his motion for a new trial.[1]  He

challenges his sentence on the grounds that the district court abused its discretion

in denying his motion to continue his sentencing hearing and thereafter erred in

imposing an unreasonable sentence.  The sentence is unreasonable, he contends,

because the court sentenced him as a career offender under U.S.S.G. § 4.B.1.1 in

violation of his rights under the Eighth Amendment.[2]  We begin our review by

addressing the challenges to Sessions's conviction.

<u>Prior convictions</u>

At trial, the district court permitted the Government to introduce into

evidence over Sessions's objection certified copies of two of Sessions's prior

convictions, one for possession of marijuana, the other for possession with intent to

---

[1] Sessions sought a judgment of acquittal and a new trial in a joint motion.  We divide the motion into two motions since the standard of review governing the denial of a judgment of acquittal is not the same as the standard governing the denial of a new trial.

[2] Sessions also challenges his sentence under the Fourteenth Amendment.  That amendment applies only to state action and thus is inapplicable here.

distribute cocaine. The evidence was admitted under Rule 404(b), which states that

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed. R. Evid. 404(b).[3] In determining whether evidence of the defendant's previous crimes was admissible under Rule 404(b), we ask: (1) whether the evidence was relevant for a reason other than to establish the defendant's character; (2) whether the probative value of the evidence was substantially outweighed by the danger of undue prejudicial;[4] and (3) whether substantial evidence established that the defendant committed the crimes. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008).

Where, as here, a defendant is charged with the distribution of narcotics and, through a plea of not guilty, places his intent to commit the crime in issue, the admission of evidence of his prior arrest for distributing narcotics is relevant to such intent, and the first question of the above inquiry is answered in the

---

[3] We review a district court's admission of the evidence for abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, 127 S.Ct. 1305 (2007).

[4] This prong of the test mirrors Fed. R. Evid. 403, which states that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice."

3

affirmative. In this case, the evidence of the prior crimes was relevant to prove Session's intent to commit the charged offense, its probative value was not substantially outweighed by undue prejudice, and there was no doubt that Sessions had committed the crimes. The court therefore did not abuse its discretion in admitting evidence of the prior convictions.

Motion for judgment of acquittal

Where, as in this case, the defendant fails to move for a judgment of acquittal at the close of the evidence, his conviction will be reversed only if we conclude that reversal is necessary to prevent a manifest miscarriage of justice. United States v. Bender, 290 F.3d 1279, 1283-84 (11th Cir. 2002). A manifest miscarriage of justice occurs when the evidence, viewed in the light most favorable to the government and with all reasonable inferences and credibility choices made in its favor, is so tenuous on a key element that the conviction is shocking. Id. Sessions's jury had ample evidence on which to find guilt – in particular, the testimony of Louis Gainer, the confidential informant who bought the crack cocaine at issue from Sessions under the supervision of an undercover law enforcement officer, and the testimony of the officer. We could hardly find manifest miscarriage of justice here.

Motion for a new trial

Sessions sought a new trial under Federal Rule of Criminal Procedure 33(a), citing newly discovered evidence.[5]  A district court, in the exercise of its discretion, may grant a new trial based on (1) newly discovered evidence, or (2) on any other ground, which typically is in the interest of justice.  United States v. Campa, 459 F.3d 1121,1151 (11th Cir. 2006) (en banc).  A motion for a new trial based on newly discovered evidence, is "highly disfavored."  Id.  To receive a new trial based on that ground, the movant must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

Jernigan, 341 F.3d at 1287.  The evidence Sessions claims he would introduce if granted a new trial is evidence that might impeach some of what Gainer stated on the witness stand, but not his testimony about receiving crack cocaine from Sessions.  Sessions would also introduce evidence of mistakes two officers made in their reports (of Sessions's deal with Gainer) and in grand jury testimony.  We have reviewed the new evidence Sessions cites and conclude that there is no probability that a new trial would produce different result.  In short, we find no

---

[5]  A district court, upon a defendant's motion, "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).

abuse of discretion in the court's refusal to grant Sessions a new trial.

We turn now to Sessions's challenges to his sentence.

## Continuance

Federal Rule of Criminal Procedure 32 provides that "[t]he probation officer must give the presentence report ("PSI") to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Sentencing occurred on December 12, 2007. The probation officer transmitted the PSI to the defense on November 14, 2007, 28 days prior to sentencing. Under Rule 32, Sessions had 14 days in which to object to the PSI, but the court gave his attorney two extensions of this time limit, pursuant to Rule 32(b)(2), during which counsel filed objections, on December 4 and 10. At sentencing, defense counsel moved for a continuance on the ground that he had the PSI in his possession for only 28 days, not the 35 days Rule 32 prescribed. The court denied the motion after finding that the delay had not prejudiced the defendant.

Sessions concedes that he suffered no prejudice as a result of the seven-day delay in receiving the PSI. We therefore find no abuse of discretion in the court's denial of the continuance.

## Reasonableness

6

Sessions claims that, in sentencing him as a career offender, the court imposed an unreasonable sentence, one that is cruel and unusual and therefore proscribed by the Eighth Amendment. It is cruel and unusual, he says, because his offense involved only a single sale of crack cocaine.

In sentencing a defendant, the district court first must correctly calculate the sentence range under the Guidelines, then consult the Guidelines, and, after that, consider the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). In this case, the court correctly calculated the sentence range, consulted the Guidelines, and considered the § 3553(a) sentencing factors. Sessions nonetheless contends that his sentence is cruel and unusual in the eyes of the Eighth Amendment.

The Eighth Amendment contains, at most, a narrow proportionality principle in non-capital cases, and since Congress has the broad authority to determine the

punishments for crimes, a successful challenge to the proportionality of a sentence is exceedingly rare.  United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). The question here is whether Sessions's sentence is grossly disproportionate to the sentences given to similarly situated defendants, who, like Sessions, were career criminals convicted of the drug offense he committed.  Since the district court complied with Talley's dictates and therefore took into account the sentences imposed on persons similarly situated, his sentence could not be considered disproportionate in violation of the Eighth Amendment.

AFFIRMED.