[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12642
Non-Argument Calendar

_____

D. C. Docket No. 07-00097-CR-J-33-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD DOVE,
a.k.a. jedog 1979,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

James Edward Dove appeals his 58-month sentence and life term of supervised release, imposed after he pled guilty to traveling in interstate commerce with intent to engage in illicit sexual conduct with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(b), (f). Dove engaged in online conversations with an individual he believed to be a 13-year-old girl, and he traveled from South Carolina to Florida to engage in sexual conduct with her. The "girl" actually was an undercover investigator, and Dove was arrested upon his arrival at the agreed-upon location. On appeal, Dove argues the district court abused its discretion by ordering him to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) because his offense did not constitute a qualifying sex offense, as no actual minor was involved. Dove next asserts the district court abused its discretion by imposing a life term of supervised release and several conditions of supervised release.

I.

A.

We review for an abuse of discretion the district court's imposition of a special condition of supervised release. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). Plain error review applies, however, when a party fails to object to an error before the district court and raises it for the first time on appeal.

2

*United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Once a party properly presents a federal claim before the district court, the party can make any argument in support of that claim on appeal. *Yee v. City of Escondido*, 112 S. Ct. 1522, 1532 (1992). A party is not limited to the precise arguments made below in the district court. *Id.* When a party raises an objection to the district court, however, he must state the proposition of law in "such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it," the claim is not properly preserved for appellate review. *United States v. Zinn*, 321 F.3d 1084, 1087–88 (11th Cir. 2003); *see also id.* at 1090 n.7 ("It is a defendant's—or his counsel's—burden to articulate the specific nature of his objection to a condition of supervised release so that the district court may reasonably have an opportunity to consider it.").

In this case, although Dove objected to the sex offender registration requirement before the district court, he never contended his offense did not constitute a qualifying offense under SORNA. At his sentencing hearing, Dove

3

instead challenged the constitutionality of SORNA, arguing the statute violated the Commerce Clause, the Due Process Clause, the nondelegation doctrine, the Administrative Procedures Act, and the Tenth Amendment. These constitutional arguments were inadequate to properly apprise the district court of the argument that he now raises before this Court. *See id.* at 1090 n.7. Accordingly, Dove has not preserved this argument for appeal, and we review it for plain error only. *See Raad*, 406 F.3d at 1323.

B.

Dove argues his conviction does not constitute a qualifying sex offense under SORNA because he had contact with only an adult undercover investigator, and no actual minor was involved. Furthermore, he asserts that the plain meaning of SORNA's definition of "minor" cannot be read to include a person above the age of 18 years pretending to be a person under the age of 18 years.

"SORNA was enacted in July 2006 'to protect the public from sex offenders and offenders against children . . .' by establishing 'a comprehensive national system for the registration of those offenders.'" *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009) (quoting 42 U.S.C. § 16901). Under SORNA, a sex offender must register in each jurisdiction where he resides, is employed, or is a student. 42 U.S.C. § 16913(a). A "sex offender" is defined as a person who has

4

been convicted of a "sex offense." 42 U.S.C. § 16911(1). SORNA defines "sex offense" to include an offense listed in Chapter 117 of Title 18, which includes § 2423(b), the statute under which Dove was convicted. 42 U.S.C. § 16911(5)(A)(iii). A "minor" is defined as an individual "who has not attained the age of 18 years." 42 U.S.C. § 16911(14).

Neither the Supreme Court nor this Court has addressed whether a conviction under § 2423(b) involving an undercover agent, rather than an actual minor, constitutes a sex offense requiring registration under SORNA. Given that there is no case law on point, the district court did not plainly err in ordering Dove to register as a sex offender. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (stating there can be no plain error when there is no precedent from this Court or the Supreme Court directly resolving an issue).

## II.

Dove next argues the life term of supervised release is unreasonable and the district court abused its discretion by ordering as conditions of supervised release that he (1) refrain from possessing or using a computer with Internet service, (2) have no direct contact with minors or enter any area where minors congregate, (3) participate in a mental health treatment program specializing in sex offender treatment, (4) register as a sex offender, and (5) submit to searches for life.

A.

We review the ultimate sentence imposed by a district court for

"reasonableness." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008)

(citing *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)). When reviewing for

reasonableness, courts of appeals apply the deferential abuse-of-discretion

standard. *Gall v. United States*, 128 S. Ct. 586, 591, 597 (2007). We first must

determine the "district court committed no significant procedural error." *Id.*

at 597. If we conclude the district court made no procedural errors, we "then

consider the substantive reasonableness of the sentence imposed under an

abuse-of-discretion standard." *Id.* Review for substantive reasonableness involves

inquiring whether the factors in § 3553(a) support the sentence in question.[1] *Id.* at

600.

Reasonableness review is "deferential," and "the party who challenges the

sentence bears the burden of establishing that the sentence is unreasonable in the

light of both [the] record and the factors in section 3553(a)." *United States v.*

*Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A lengthy discussion of the § 3553(a)

factors is not required in the typical case, so long as the district court judge "set[s]

---

[1] Dove has not argued that his life term of supervised release is procedurally unreasonable. Therefore, only the substantive reasonableness of the life term of supervised release is before us. *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005) (noting issues not raised in the initial brief are waived).

forth enough to satisfy the appellate court that [she] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. There is a range of reasonable sentences, and we ordinarily expect a sentence within the Guidelines range to be reasonable. *Talley*, 431 F.3d at 788.

The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes by the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1)-(7).

Dove's life term of supervised release was within the Guidelines range, which we ordinarily expect to be reasonable, and it did not exceed the statutory maximum. Furthermore, the record reflects the district court considered the nature and circumstances of the offense, the history and characteristics of the defendant,

the need to protect the public, and the need to provide correctional treatment. Therefore, we conclude Dove's life term of supervised release was reasonable, and the district court did not abuse its discretion when it sentenced Dove to a life term of supervised release.

B.

We review a district court's imposition of a special condition of supervised release for an abuse of discretion. *Taylor*, 338 F.3d at 1283. A district court may impose any condition of supervised release it deems appropriate as long as it comports with the § 3553(a) factors, involves no greater deprivation of liberty than reasonably necessary to achieve the purposes set forth in § 3553(a), and is consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.*; *see also* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b). It is not necessary for a special condition to be supported by each factor enumerated in § 3553(a). *Taylor*, 338 F.3d at 1283. Rather, each factor is an independent consideration to be weighed. *Id.*

In Dove's case, every condition that the district court imposed as part of the supervised release order was related to, and supported by, the § 3553(a) factors—specifically, Dove's history and characteristics, the need to protect the public, and the need to provide appropriate treatment. Furthermore, this Court has

8

previously held similar conditions of supervised release were not overly broad or an abuse of discretion. *See Taylor*, 338 F.3d at 1286 (upholding a condition prohibiting the defendant from entering places where children congregated); *Zinn*, 321 F.3d at 1093 (upholding a restriction on Internet usage). Thus, the district court did not abuse its discretion in imposing any of the challenged conditions.

Accordingly, we affirm Dove's conviction, sentence, and conditions of supervised release.

**AFFIRMED.**