[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15300
Non-Argument Calendar

_____

D.C. Docket No. 03-10011-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIVAN ALFONSO RAAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2005)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Livan Alfonso Raad appeals his sixty-month sentence, imposed following

his guilty plea for three counts of smuggling aliens for financial gain, in violation

of 8 U.S.C. § 1324.  The issue presented is whether the mandatory minimum sentence prescribed under § 1324 violates the Eighth Amendment's prohibition against cruel and unusual punishment.[1]  We hold that it does not.

Raad, indicted for sixty-seven counts relating to alien smuggling, pleaded guilty to three counts of smuggling aliens for financial gain, in violation of 8 U.S.C. § 1324.  Although the district court calculated Raad's sentencing range under the U.S. Sentencing Guidelines to be fifty-one to sixty-three months imprisonment, the court sentenced Raad to the mandatory minimum sentence of sixty months imprisonment required under the statute.[2]  Raad did not challenge this mandatory minimum at sentencing.  Raad now appeals, claiming that his

---

[1] Raad also appeals the guidelines calculations.  Because we conclude that the district court correctly imposed the statutory mandatory minimum sentence, any error in the guidelines calculations is harmless and we need not address these arguments. Additionally, there is no merit to Raad's claim that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, – L.Ed.2d – (2005).  Raad was sentenced to the mandatory minimum sentence based on the facts to which he pleaded guilty.  United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

[2] Under 8 U.S.C. § 1324, there is a three-year mandatory minimum sentence for the first or second violation, and a five-year mandatory minimum sentence for any further violations.  8 U.S.C. § 1324(B)(2)(B)(iii).  Raad pleaded guilty to smuggling three aliens, and each alien is counted as a separate violation.  See United States v. Ortega-Torres, 174 F.3d 1199, 1201 (11th Cir. 1999).  Thus, Raad faced the minimum five-year term of imprisonment.

sentence violates the Eighth Amendment because it is disproportionate, as it falls at the high end of the guidelines range.[3]

When a defendant fails to object to an error before the district court, we review the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732.

As this court has explained, "[i]n non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (citing United States v. Brant, 62 F.3d 367, 368 (11th Cir.1995) (relying on Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991))). The Supreme Court has made it clear that, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of sentences [are] exceedingly rare." Solem v. Helm, 463 U.S.

---

[3] We reject the government's assertion that Raad has waived his right to appeal. The record does not contain a copy of the written plea agreement or a transcript from the change-of-plea hearing demonstrating any waiver of appeal.

277, 289, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983) (emphasis in original).

This is so because we accord substantial deference to Congress, as it possesses "broad authority to determine 'the types and limits of punishments for crimes.'" Id. at 290.

> When addressing an Eighth Amendment challenge,
>
> a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

Reynolds, 215 F.3d at 1214 (citing Brant, 62 F.3d at 368).

We have upheld mandatory minimum sentences in other statutes. See United States v. Reynolds, 215 F.3d 1210 (11th Cir. 2000) (rejecting Eighth Amendment challenge to the Armed Career Criminal Act and 18 U.S.C. § 924); United States v. Brant, 62 F.3d 367, 368 (11th Cir. 1995) (rejecting challenge to career offender provisions); United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992) (rejecting challenge to mandatory life sentence required under 21 U.S.C. § 841(b)(1)); United States v. Benefield, 889 F.2d 1061, 1064 (11th Cir. 1989) (rejecting challenge to mandatory minimum sentence for illegal purchase of food stamps at less than face value). Thus, Raad cannot show that his five-year

mandatory minimum sentence was grossly disproportionate to his offenses of smuggling three people into the United States simply because the statutory minimum sentence fell at the high end of the guidelines range.[4]  Moreover, "a sentence which is not otherwise cruel and unusual [does not] become[] so simply because it is 'mandatory.'" Harmelin, 501 U.S. at 995 (citing Chapman v. United States, 500 U.S. 453, 467, 111 S.Ct. 1919, 1928-1929, 114 L.Ed.2d 524 (1991).

   Accordingly, for the foregoing reasons, we **AFFIRM.**

---

   [4] Because Raad cannot make a threshold showing of disproportionality, we need not consider the sentences imposed on others.  See Reynolds, 215 F.3d at 1214; Brant, 62 F.3d at 368.