[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 18, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10948
Non-Argument Calendar

_____

D. C. Docket No. 00-00527-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY DEMARIUS GIDDENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 18, 2005)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Rodney Demarius Giddens appeals his 180-month sentence for possession of

a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e).  On appeal, Giddens argues that the district court erred under United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), by enhancing his sentence pursuant to the Armed Career Criminal provision because the fact and characterization of the prior convictions were not alleged in the indictment or proved to the jury beyond a reasonable doubt.  Giddens interprets Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to state that the use of a prior conviction to enhance a sentence violates the Fifth and Sixth Amendments the same as any other fact

Next, Giddens argues for the first time on appeal that it is unclear what documents the court viewed in determining that his prior convictions qualified as predicate offenses within the meaning of the Armed Career Criminal Act ("ACCA").  Giddens notes the Supreme Court's holding in Shepard v. United States, 544 U.S. ____, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), which restricts the types of documents that the court can view in assessing whether a prior conviction is a qualifying offense under the ACCA.

We affirm.  We have made clear that Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker."  United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).  Moreover, we have noted that, while recent

2

decisions, including <u>Shepard</u>, may arguably cast doubt on the future prospects of <u>Almendarez-Torres</u>, the Supreme Court has not explicitly overruled <u>Almendarez-Torres</u>, and, as a result, we must follow <u>Almendarez-Torres</u>.  <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005).   We note that there is no <u>Booker</u> statutory error because Giddens received a sentence of 180 months' imprisonment, which was the statutory minimum sentence.  District courts are still bound by statutory minimum sentences after <u>Booker</u>.  <u>Shelton</u>, 400 F.3d at 1333 n.10.  Therefore, even if the district court did apply the guidelines in a mandatory fashion, the error was harmless because the court could not have imposed a lesser sentence due to the statutory minimum.  <u>United States v. Raad</u>, 406 F.3d 1322, 1323 n.1 (2005).

Finally, because Giddens argues for the first time on appeal that the record is unclear as to what documents the district court used in assessing his prior convictions under ACCA, we review for plain error.  <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1297 (11th Cir.), <u>cert. denied</u> 125 S.Ct. 2935 (2005).  We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights.... Even then, [this Court] will exercise [its] discretion to rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> at 1298.

3

The Armed Career Criminal Act "mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" when applying the sentencing enhancement. Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). The Supreme Court held in Shepard that a sentencing court may not rely on police reports or complaint applications in deciding whether a prior conviction was a "generic burglary," in the context of determining whether the conviction is a "violent felony" under ACCA. Shepard, 543 U.S. at ____, 125 S.Ct. at 1263. Instead, when it is impossible to determine from the face of the judgment or statute whether the prior conviction satisfies the enhancement statute, the district court's review "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. The sentencing court here did not err under Shepard in determining that Giddens's prior convictions qualified as violent felonies under ACCA. At the sentencing hearing, Giddens's counsel referred the court to the sentencing transcript from Giddens's 1997 convictions, which he had submitted to

4

the court with a copy of his pending state habeas corpus petition. The government's counsel then referenced the indictment and the sentencing document submitted by Giddens's counsel. In reaching its conclusion regarding the number of Giddens's prior convictions, the court stated:

> But if you look at the overall picture, **the colloquy during the plea and the – and the – and [the court's] sentencing and what [the court is] going over** and the fact, and the fact that there certainly appear to be separate offenses . . . It's a fair conclusion and a proper conclusion to decide that he is being sentenced for five counts involving burglary and one attempted armed robbery . . . And it is clear that these are, as a matter of fact, separate and distinct offenses.

Therefore, the district court did not err under Shepard in assessing the number of prior convictions under ACCA, because the sentencing transcript reveals that the court viewed the plea colloquy, the indictment, and sentencing document, which are all acceptable documents under Shepard. While the court did not state explicitly what documents it viewed in characterizing Giddens's prior convictions as qualifying offenses under ACCA, the court issued its finding that Giddens qualified as an Armed Career Criminal immediately after its discussion of the number of his prior convictions, which strongly suggests that the court relied upon the same documents submitted by Giddens to characterize the prior convictions.

**AFFIRMED.**