[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13367
Non-Argument Calendar

_____

D. C. Docket No. 04-00238-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AERSIO ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2006)**

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

Jose Aersio Alvarez appeals his 97-month sentence stemming from his conviction for possession with intent to distribute five kilograms or more of

cocaine, in violation of 46 U.S.C.App. § 1903(a) and (g) and 21 U.S.C. § 960(b)(1)(B)(ii). Alvarez's offense involved 3,731 kilograms of cocaine. He pleaded guilty to the possession with intent to distribute charge pursuant to a plea agreement. The plea agreement contained a sentence appeal waiver, which provided that Alvarez waived his right to appeal his sentence except if: (1) the sentencing judge applied an upward departure; (2) the sentence was above the statutory maximum; or (3) the sentence violated other law apart from the sentencing guidelines.

On appeal, Alvarez argues that the district court erred in denying him a minor role adjustment and contends that the court misinterpreted the term "minor participant" and misapplied the minor role guideline when sentencing him.

An appeal waiver "will be enforced if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.), *cert. denied*, 125 S. Ct. 2279 (2005) (internal quotations omitted).

Alvarez waived his right to appeal the district court's decision denying him a minor role reduction. The record reveals that the district court questioned Alvarez

2

about the sentence appeal waiver during his plea colloquy, explained the effect of the waiver, and confirmed that Alvarez understood the types of challenges he was waiving. And, the issue presented by Alvarez does not fall within the exceptions to his appeal waiver.

Next, Alvarez contends that his 97-month sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Because Alvarez did not assert an Eighth Amendment objection in the district court, we review his argument for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir.), *cert. denied*, 126 S. Ct. 196 (2005). Plain error occurs when there is (1) error; (2) that is plain or obvious; (3) affects the defendant's substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id*.

Alvarez's sentence does not violate the Eighth Amendment. His offense involved possession with intent to distribute 731 kilograms of cocaine. Because Alvarez's 97-month sentence was below the statutory limits and also at the bottom of the applicable sentencing guideline range, it is not grossly disproportionate to his offense. We find no Eighth Amendment error.

AFFIRMED.