[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2007
THOMAS K. KAHN
CLERK

No. 06-15293
Non-Argument Calendar

_____

D. C. Docket No. 04-00164-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS ORDUNIZ,
a.k.a. Santos Ordonez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Santos Orduniz ("Orduniz") appeals his 120-month sentence for conspiring

to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), and 21 U.S.C. §846; and possessing five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), and 18 U.S.C. § 2. At the sentencing hearing, the district court calculated Orduniz's total adjusted offense level at 25, with a Criminal History Category of III. Ordinarily, under the Guidelines, this would have subjected Orduniz to a sentencing range of 70-87 months. However, because a mandatory minimum sentence applied to Orduniz's offenses pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II), the district court sentenced Orduniz to the mandatory minimum term of ten years.

On appeal, Orduniz argues that the district court erred by sentencing him to a term that was higher than the applicable Sentencing Guideline range. Orduniz notes that his base offense level of 30 under U.S.S.G. § 2D1.1(a)(3) (2003), which he received by operation of the Guidelines based on his minor-role status, has a corresponding drug quantity level below the drug quantity necessary to trigger the mandatory minimum sentence of ten years. Specifically, level 30 corresponds to "at least 3.5 KG but less than 5 KG," which is less than the amount (5 kilograms) necessary to trigger the mandatory minimum of ten years. U.S.S.G. § 2D1.1(c)(5). Orduniz appears to argue that the mandatory minimum should therefore not apply.

Orduniz did not raise in the district court his argument that the base offense level of 30 corresponds to a lower quantity of drugs and thus requires a sentence below the mandatory minimum. Therefore, we review it for plain error. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam) (argument reviewed for plain error when the defendant did not object below). Thus, Orduniz must prove that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1323 (quotation marks and citations omitted). Upon review of the presentence investigation report and sentencing transcript, and upon consideration of the briefs of the parties, we find no plain error.

According to the Guidelines, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall be* the guideline sentence." U.S.S.G. § 5G1.1(b) (2003) (emphasis added). Here, Orduniz pled guilty to conspiring to possess and possessing 5 kilograms or more in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II); and 21 U.S.C. § 846. Under the applicable penalty provision, offenses involving 5 kilograms or more of cocaine trigger a mandatory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A)(ii)(II).

Therefore the correct calculation of Orduniz's guideline range yielded a sentence of 120 months' imprisonment because his statutory minimum sentence was 120 months. *See* U.S.S.G. § 5G1.1(b). It is undisputed that Orduniz did not qualify for a safety valve reduction under 18 U.S.C. § 3553(f), which would allow sentencing without regard to a mandatory minimum, and the government did not move for the district court to recognize substantial assistance by Orduniz under 18 U.S.C. § 3553(e). Therefore, the district court properly applied the mandatory minimum sentence and did not plainly err in sentencing Orduniz to a term of ten years' imprisonment. Accordingly, we affirm.

**AFFIRMED.**