[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2008
THOMAS K. KAHN
CLERK

No. 07-11582
Non-Argument Calendar

_____

D. C. Docket No. 06-00058-CR-FTM-99DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON JAMES GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2008)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Brandon James Garcia appeals his sentence of 96 months of imprisonment,

followed by a lifetime of supervised release, after a jury convicted him for possession and receipt of child pornography. He argues on appeal that his sentence violates the Eighth Amendment because it is excessive and disproportionate to his crime.

After Garcia dropped off his computer at an electronics store for repairs, a store technician found numerous sexually explicit videos involving minors on the computer and called the police. Garcia made some admissions but contended that he was either a minor or that he was a little more than a half-year beyond attaining adulthood when he committed the offenses. He further contends that the law disproportionately punishes him because he is recently removed, in terms of age, from the class of children that the statutory scheme is designed to protect.

Since Garcia did not raise this argument in the district court, we will review it for plain error. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2004) (per curiam). Therefore, Garcia must prove that "(1) there is an error; (2) that it is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id*. (internal quotation marks omitted).

The Eighth Amendment prohibits cruel and unusual punishment. It "contains a narrow proportionality principle that applies to non-capital sentences."

*Ewing v. California*, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185, 155 L. Ed. 2d 108 (2003) (internal quotation marks omitted). When addressing an Eighth Amendment challenge, "a court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed," and the defendant bears the burden of making this showing. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.) (per curiam) (internal quotation marks omitted), *cert. denied*, 127 S. Ct. 462 166 L. Ed. 2d 329 (2006). We have held that "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

A first-time offense for possession of child pornography carries a statutory maximum of ten years of imprisonment. 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). A first-time offense for receipt of child pornography carries a statutory minimum of five years imprisonment and a statutory maximum of twenty years imprisonment. 18 U.S.C. §§ 2252(a)(2), (b)(1). A life term of supervised release is authorized due to the nature of the offense. 18 U.S.C. § 3583(k).

We find no plain error in Garcia's concurrent 96-month sentences. His term of imprisonment is below the 168-210 advisory guideline range, and less than the statutory maximum. The life term of supervised release is authorized by statute.

3

Garcia was 20 years of age by the time he was sentenced. Although Garcia was close in age to the class sought to be protected, he was nonetheless an adult at the time he committed the offenses, and not a minor. The district judge who sentenced Garcia was not persuaded that Garcia was truthful when he testified that he only downloaded child pornography from his computer when he was a minor and a few months after reaching adulthood. Accordingly, we are unable to conclude that the sentence Garcia received was so grossly disproportionate to the crime charged such that it violated the Eighth Amendment.

**AFFIRMED.**