[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14114

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20130-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANIBAL ULLOA,
JEAN JANSEN CERON,
a.k.a. Jason,
YUSEMEL PEREZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 2, 2009)

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,[*] District Judge.

PER CURIAM:

Jean Jansen Ceron, Yusemel Perez, and Anibal Ulloa appeal their convictions for the attempted robbery of a cocaine stash house in Miami, Florida. This appeal presents five questions: (1) whether the district court erred in denying Perez's motion to suppress evidence obtained from a search of his car; (2) whether the district court should have granted a mistrial because a government witness made improper comments while testifying and the government made improper argument in its closing; (3) whether the government presented sufficient evidence to permit the jury to conclude that Ceron, Perez, and Ulloa were predisposed to commit the crimes for which the jury convicted them; (4) whether sufficient evidence supported Ulloa's conviction for knowing possession of a firearm in furtherance of a crime of violence; and (5) whether the district court abused its discretion when it declined to give a withdrawal instruction on the conspiracy charge. Perez also appeals his sentence and argues that it is unreasonable. We affirm.

*A. The District Court Did Not Err When it Denied Perez's Motion to Suppress.*

"We review the district court's denial of a motion to suppress evidence as a

---

[*] Honorable Jack T. Camp, United States District Judge for the Northern District of Georgia, sitting by designation.

2

mixed question of law and fact. The district court's findings of fact are viewed under the clearly erroneous standard; its application of the law to those facts is subject to de novo review." United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). "We . . . construe all facts in the light most favorable to the prevailing party in the district court—here, the government." Id.

Perez argues that the district court erred when it denied his motion to suppress the physical evidence that the police obtained during their search of his car. Perez argues that the search was unconstitutional because his car was not under his control at the time of his arrest and because the police did not conduct the search contemporaneously with his arrest; instead, they searched the car hours later and without a warrant or Perez's consent.

The district court did not err when it found that the government met its burden of proving that the search fell within an exception to the warrant requirement of the Fourth Amendment. The police do not need a warrant to conduct an inventory search of a properly impounded vehicle. Sammons v. Taylor, 967 F.2d 1533, 1543 (11th Cir. 1992). We have explained that an inventory search is lawful "[e]ven if an arrestee's vehicle is not impeding traffic or otherwise presenting a hazard . . . so long as the decision to impound is made on the basis of standard criteria and on the basis of 'something other than suspicion of evidence of

3

criminal activity.'" Id. at 1543. We cannot say that the district court clearly erred when it found that the police conducted their search of Perez's car in accordance with this standard. Although the officers impounded Perez's car in part because they believed that it had been used during the commission of a crime, Agent Rios testified "about the exigent circumstances surrounding leaving a vehicle in a public place overnight, and of the standard procedures followed in the inventory search conducted after the impoundment." This testimony entitled the district court to find that the police impounded Perez's car because they believed that leaving the car overnight in a public place was unsafe and that the police followed standard procedures in searching the car after they impounded it.

*B. The District Court Did Not Abuse Its Discretion When It Declined to Grant a Mistrial Because of Improper Comments by a Government Witness and Improper Argument from the Government in Closing.*

"We review for abuse of discretion the district court's decision not to grant a mistrial." United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007). "A mistrial should be granted if the defendant's substantial rights are prejudicially affected. This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." Id. "We make this determination in the context of the entire trial and in light of any curative instruction." Id. "When a curative instruction has been given to address some

prejudicial evidence, we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994) (internal quotation marks omitted). "[W]hen the record contains sufficient independent evidence of guilt, any error was harmless." Newsome, 475 F.3d at 1227.

Perez and Ulloa argue that they were entitled to a mistrial because a government witness made improper comments while testifying and because the government made an improper closing argument. When Ceron's attorney examined detective Juan Sanchez, Sanchez commented on how untrustworthy he believed most defense attorneys to be. Sanchez testified that "[I do not trust confidential informants] as much as I trust defense attorneys, and that's not much." Sanchez also testified that whether he trusts defense attorneys more than confidential informants is a "hard question." Sanchez made similar comments during examination by Perez's attorney. He testified that "I find [confidential informants] as credible as the defense attorney. Therefore, that's why I have the first meet." Perez and Ulloa also argue that the prosecutor improperly commented on their failure to testify at trial. During his closing argument, the prosecutor described Ceron's, Perez's, and Ulloa's case and stated that their attorneys were not contesting guilt but were instead asking the jury to spare the men because they

5

did not deserve punishment:

> At the end of the day, what are they really saying?  They're saying Ladies and gentlemen of the jury, I did it.  I did it, but forgive me.  Forgive me because I'm married with a kid.  Forgive me because I have no priors.  Forgive me because I am a boy.  Forgive me, forgive me for taking this gun . . . .

Ulloa's attorney objected, moved for a mistrial, and requested a curative instruction.  The district court explained its understanding of the prosecutor's statements to the parties and gave the jury a curative instruction.  The district court explained that "[a] defendant has a right not to testify. . . . What the prosecutor meant was the defendants' attorneys' arguments . . . ."

The district court did not abuse its discretion when it declined to grant a mistrial because of the improper comments of Sanchez.  When Ceron, Perez, and Ulloa objected to these statements, the district court declined to grant a mistrial, but instead delivered a strong curative instruction that explained the important role that defense attorneys play in our criminal justice system and called Sanchez's statements "outrageous and inappropriate."  In the light of the strong curative instruction that the district court delivered and the overwhelming evidence of Perez's and Ulloa's guilt, we cannot say that there is "a reasonable probability that but for [Sanchez's] remarks, the outcome of the trial would have been different." Newsome, 475 F.3d at 1227.

6

The district court also did not abuse its discretion when it declined to grant a mistrial because of an allegedly improper closing argument. The prosecutor did not comment on Perez's and Ulloa's right not to testify. "The prosecutor, as an advocate, is entitled to make a fair response to the arguments of a defense counsel." United States v. Hiett, 581 F.2d 1199, 1204 (5th Cir. 1978). Ulloa's attorney first raised the issue of Alloa's marriage, pregnant wife, and child during his examination of Sanchez. The prosecutor had a right to comment on this evidence. Even if we were to read the prosecutor's statements as improper, in the light of the curative instruction that the district court delivered and the overwhelming evidence of Perez's and Ulloa's guilt, we could not say that there is "a reasonable probability that, but for the remarks, the outcome of the trial would have been different." Newsome, 475 F.3d at 1227.

C. *The Jury Could Conclude that Ceron, Perez, and Ulloa Were Predisposed to Commit the Crimes of Which the Jury Convicted Them.*

"When an entrapment defense is rejected by the jury, our review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction." United States v. Brown, 43 F.3d 618, 622 (11th Cir. 1995). Our "[r]eview is de novo but we must view all facts and make all inferences in favor of the government." Id.

Viewing the evidence in the light most favorable to the government, we hold

7

that the jury could conclude that Ceron, Perez, and Ulloa were predisposed to commit the crimes of conviction. "[T]he defendant's ready commission of the charged crime [or] evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so" may demonstrate predisposition. Brown, 43 F.3d at 625. The district court provided an instruction about the entrapment defense to which Ceron, Perez, and Ulloa did not object. The district court also reiterated during jury deliberations that the government had the burden of proving beyond a reasonable doubt that Ceron, Perez, and Ulloa were predisposed to commit the crimes. Ceron, Perez, and Ulloa demonstrated their eagerness to commit the crimes when they asked the confidential informant questions about the stash house and plans for the robbery. Moreover, the undercover officer provided Ceron, Perez, and Ulloa with opportunities to reconsider their participation in the robbery, and each declined to withdraw.

D. *The Jury Could Conclude that Ulloa Knowingly Possessed a Firearm in Furtherance of a Crime of Violence.*

"We review the district court's denial of Defendants' motions for judgment of acquittal based on sufficiency of the evidence . . . de novo." United States v. Westry, 524 F.3d 1198, 1210 (11th Cir. 2008). "In determining whether the government produced sufficient evidence, we must review the evidence in the light most favorable to the government and draw all reasonable factual inferences in

8

favor of the jury's verdict." United States v. Dulcio, 441 F.3d 1269, 1276 (11th Cir. 2006). "All that must be found is that a reasonable fact-finder could have determined that the evidence proved Defendants' guilt beyond a reasonable doubt." Westry, 524 F.3d at 1210 (internal quotation marks omitted).

Viewing the evidence in the light most favorable to the government, we hold that the evidence was sufficient to permit a reasonable jury to conclude that Ulloa knew that Perez had a firearm while in the confidential informant's car. Ulloa acknowledges that Perez possessed a firearm while in the confidential informant's car, but Ulloa argues that the prosecution presented no evidence at trial that suggested that he had any knowledge that Perez had a firearm with him. We disagree. Ulloa admitted soon after his arrest that he knew that Perez had a firearm while in the confidential informant's car. An audio recording from the confidential informant's car also includes Ulloa stating, as he entered the car, "We got a gun." Ulloa knew about the gun.

*E. The District Court Did Not Abuse Its Discretion When It Declined to Give a Withdrawal Instruction.*

Perez and Ulloa argue that they are entitled to a new trial on the ground that the district court erred by refusing to instruct the jury with regard to the defense of withdrawal from conspiracy. "We review a district court's refusal to give a jury instruction requested by the defense for abuse of discretion." Dulcio, 441 F.3d at

9

1275. Perez and Ulloa are not entitled to a new trial.

Ulloa and Perez waived the right to raise this argument on appeal. Perez and Ulloa acknowledge that the jury acquitted them on the conspiracy charge, but argue that the failure of the district court to read the instruction confused the jury with regard to the attempt charges. As evidence of this confusion, Perez and Ulloa identify a scrivener's error in the verdict forms where the jury used the word "conspired" instead of "attempted" in count two. But after the parties noticed the scrivener's error, Perez's attorney informed the district court that they were not concerned about the error. He told the court that "it seems clear that jury intended to find the defendants guilty of both attempt counts on the verdict forms. . . . None of us foresee any argument as far as the scrivener's error."

Even if Perez and Ulloa had not waived this argument, we could not say that the district court abused its discretion when it concluded that Perez and Ulloa had not presented sufficient evidence of withdrawal to warrant the instruction. "The burden of presenting evidence sufficient to support a jury instruction on a theory of defense is extremely low." United States v. Arias, 431 F.3d 1327, 1340 (11th Cir. 2005) (internal quotation marks omitted). To prove withdrawal a defendant must demonstrate "that he has taken affirmative steps to defeat the objectives of the conspiracy" and "either that he has made a reasonable effort to communicate these

10

acts to his co-conspirators or disclosed the scheme to law enforcement authorities." United States v. Young, 39 F.3d 1561, 1571 (11th Cir. 1994). Because Ulloa arrived with Perez on the day of the attempted robbery and did not profess any reluctance to commit the crime, we cannot say that the district court abused its discretion when it concluded that the evidence did not warrant a withdrawal instruction.

### F. Any Error in Calculating Perez's Sentencing Range is Harmless.

Only Perez appeals his sentence. Perez argues that his sentence is procedurally and substantively unreasonable, but the district court imposed the statutory mandatory minimum sentence. "[A]ny error in the guidelines calculation is harmless and we need not address [Perez's] arguments." United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

We **AFFIRM** Ceron's, Perez's, and Ulloa's convictions, and Perez's sentence.