[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12015
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00173-ACC-TBS-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

ALAN GREGORY ENDER,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 15, 2015)


Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Alan Ender appeals his 600-month total sentence after pleading guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 1 and 4), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A (Count 11).  On appeal, Ender argues that (1) his sentence appeal waiver was not knowing and voluntary; (2) the district court erred in calculating his guideline range, denying his request for a downward variance under 18 U.S.C. § 3553(a), and imposing a substantively unreasonable sentence; and (3) his total sentence violated the Eighth Amendment's ban on cruel and unusual punishment.  In response, the Government maintains that Ender's sentence appeal waiver precludes all of his claims other than his Eighth Amendment claim, which fails under plain error review.

After review, we affirm Ender's total sentence but vacate the judgment and remand for the limited purpose of correcting a clerical error in the judgment.

## I. DISCUSSION

*A. Sentence Appeal Waiver*

We review de novo the validity of a sentence appeal waiver.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *Id.*  A defendant knowingly and voluntarily waives his right to appeal his sentence if either (a) the district court specifically questioned the defendant about the waiver during the plea colloquy, or

2

(b) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

Ender asserts that his sentence appeal waiver is unenforceable because his mental state prevented him from understanding the consequences of the waiver. The record, however, does not support Ender's argument. During the plea colloquy, Ender, who speaks English and holds a bachelor's degree, represented to the district court that, in the past, he had seen a mental health professional for depression and substance abuse. Mental illness alone does not invalidate a guilty plea if the defendant was nevertheless competent to enter the plea. *Bolius v. Wainwright*, 597 F.2d 986, 990 (5th Cir. 1979).[1] Ender stated that his mental competency had never been questioned or challenged and that he felt clear minded. He further noted that he had not taken any alcohol or drugs within the preceding 48 hours and was not under the influence of drugs or alcohol or anything that might interfere with his ability to think or concentrate. Additionally, the court asked Ender's counsel if he had questions regarding Ender's competency to enter a plea, and Ender's counsel stated that he did not. *See United States v. Rodriguez*, 799 F.2d 649, 655 (11th Cir. 1986) (explaining that defense counsel's failure to raise the issue of the defendant's competency is persuasive evidence that the defendant

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

was competent). As such, the district court correctly determined that Ender was competent to plead guilty pursuant to a plea agreement containing a sentence appeal waiver provision.

Moreover, during the plea colloquy, the district court inquired into the sentence appeal waiver provision of the plea agreement. Ender stated that he had discussed the provision with his attorney and that he understood that he was waiving his right to appeal his total sentence. The court asked if Ender understood that he would be released from the waiver only if the Government appealed Ender's total sentence, and Ender said he understood. The court mentioned that there were limited grounds upon which Ender could appeal his total sentence, and Ender confirmed that he had read the grounds and discussed them with his attorney. The court asked Ender if he had any questions about the waiver, and Ender said he did not. Finally, Ender confirmed that he was making the waiver knowingly and voluntarily. Based on the foregoing, Ender's sentence appeal waiver was both knowing and voluntary, and is therefore enforceable. *See Johnson*, 541 F.3d at 1066.

Because Ender's sentence appeal waiver is enforceable, only Ender's Eighth Amendment challenge to his total sentence remains. Contrary to Ender's assertion on appeal, Ender's challenging his total sentence on one permitted ground does not open the door to his challenging the sentence based upon waived grounds. The

4

plea agreement expressly limits Ender's right to appeal his sentence to the specific enumerated grounds.  Accordingly, Ender's sentence appeal waiver forecloses his arguments that the district court (i) did not correctly calculate his guideline range, (ii) erred in denying a downward variance, and (iii) imposed a substantively unreasonable total sentence.

*B. Eighth Amendment*

In the district court, Ender did not object to the constitutionality of his sentence, so we review Ender's Eighth Amendment challenge for plain error.[2] "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

In challenging his total sentence on Eighth Amendment grounds, Ender must first demonstrate that the total sentence imposed is grossly disproportionate to the offense committed.  *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).  Ender's 600-month total prison sentence was not grossly disproportionate to his offenses and therefore did not violate the Eighth Amendment.  Ender

---

[2] While the Court generally reviews de novo the constitutionality of a sentence under the Eighth Amendment, when a defendant fails to object in the district court, we review the sentence for plain error.  *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012).

possessed 478 movie files and 253 images of child pornography, many of which he produced.  He photographed and filmed three different minor victims and inappropriately touched all of the victims while doing so.  Offenses such as Ender's child pornography activities cause severe harm.  *See United States v. Farley*, 607 F.3d 1294, 1344–45 (11th Cir. 2010) (discussing the harm that arises from sexual abuse of children in the context of Eighth Amendment gross disproportionality analysis).  In addition, a total sentence below the statutory maximum generally does not violate the Eighth Amendment, *Johnson*, 451 F.3d at 1243, and Ender's 25-year sentences as to Counts 1 and 4 were both below the applicable 30-year statutory maximums, *see* 18 U.S.C. § 2251(e).  Considering the foregoing and the fact that we have never found a sentence of incarceration to violate the Eighth Amendment,[3] Ender's total sentence does not constitute plain error.

## II. CONCLUSION

Although we affirm Ender's sentence, we note that there appears to be a clerical error in the judgment.  Count 1 of the indictment charges Ender with violating 18 U.S.C. § 2251(a), but the judgment lists Ender's statute of conviction for Count 1 as "*28* U.S.C. § 2251(a)."  Accordingly, we vacate and remand for the

---

[3] Indeed, "outside the special category of juvenile offenders the Supreme Court has found only one [sentence of incarceration] to do so."  *Farley*, 607 F.3d at 1343.  The one case in which the Supreme Court found an adult offender's prison sentence to violate the Eighth Amendment, *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001 (1983), involved a petty criminal who wrote a bad check for $100 and received a sentence of life imprisonment without parole.  *Id*.

limited purpose of correcting a clerical error in the judgment.  *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**