[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14000
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00029-RBD-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD DIDIER LOAIZA-QUINTANA, a.k.a. Tomas, a.k.a. Willie, a.k.a. Doctor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 18, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Harold Loaiza-Quintana appeals his conviction and sentence for conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846, to which he pled guilty in a written plea agreement.  Loaiza contends the Government breached the plea agreement by failing to inform the district court of the nature and extent of Loaiza's cooperation with law enforcement.  After review,[1] we affirm.

At Loaiza's sentencing hearing, counsel for Loaiza discussed at length Loaiza's objection to the imposition of a two-level enhancement under U.S.S.G. § 3B1.1(c) for being a leader of the conspiracy.  During this discussion, counsel for Loaiza and later the Government mentioned Loaiza's two lengthy proffers in cooperation with law enforcement.  Although the Government conceded Loaiza's cooperation, the Government did not elaborate.  After hearing from both Loaiza and the Government, the district court overruled Loaiza's objection to the § 3B1.1 enhancement and calculated Loaiza's guideline range at 135 to 169 months.  Because of the § 3B1.1 enhancement, Loaiza was ineligible for safety valve relief under 18 U.S.C. § 3553(f) and thus subject to a mandatory minimum sentence of 120 months.  The district court ultimately varied downward from the guideline range and sentenced Loaiza to 125 months' imprisonment.

---

[1] We review *de novo* whether the Government breached a plea agreement.  *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).  Issues not raised before the district court, however, are reviewed for plain error.  *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).  To establish plain error, the defendant must show (1) an error, (2) that is plain or obvious, (3) affecting his substantial rights in that it was prejudicial and not harmless, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Id*.

2

At no point during the sentencing hearing did Loaiza object to the Government's failure to inform the district court of Loaiza's cooperation with law enforcement.  Rather, in arguing that he was not a leader of the conspiracy, Loaiza relied upon information that he had proffered to the Government and suggested that the Government could have or should have identified that information as evidence tending to disprove that Loaiza was a leader.  At the conclusion of the sentencing hearing, Loaiza's counsel noted "for purposes of the record in the possibility that there should be an issue on appeal as to breach of the plea agreement by the Government."   This allusion to the possibility of appeal did not give the district court the opportunity to address the merits of the argument Loaiza now makes on appeal.  Therefore, we review for plain error the Government's alleged breach of the plea agreement.  *See United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) ("To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." (quotation marks omitted)).

In the context of an alleged breach of a plea agreement, the question of prejudice is not whether the defendant would have entered into the plea had he known of the future breach but rather whether his sentence was affected by the Government's breach.  *See Puckett v. United States*, 556 U.S. 129, 142 n.4, 129 S.

Ct. 1423, 1433 n.4 (2009) ("When the rights acquired by the defendant relate to sentencing, the outcome he must show to have been affected is his sentence." (quotation marks omitted)). Thus, to prevail, Loaiza must show a reasonable probability that his sentence would have been different absent the breach. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

Assuming that the Government breached the plea agreement by insufficiently informing the district court of the nature and extent of Loaiza's cooperation with law enforcement, Loaiza cannot show that the Government's breach affected Loaiza's substantial rights. Although perhaps unaware of the nature and extent of Loaiza's cooperation, the district court knew Loaiza cooperated with law enforcement and credited Loaiza with both an acceptance-of-responsibility reduction and a downward variance to a sentence just five months longer than the mandatory minimum. Other than conjecture, Loaiza offers no grounds to support a reasonable probability that the district court would have given Loaiza an even larger downward variance. *See Rodriguez*, 398 F.3d at 1301 ("[W]here the effect of an error on the result in the district court is uncertain or indeterminate . . . the appellant . . . has not met his burden of showing that his substantial rights have been affected."). Therefore, Loaiza has failed to meet his burden under plain error review.

**AFFIRMED.**

4