[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13234
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00057-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS VICTOR SWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 27, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Thomas Sway appeals his conviction for receiving child pornography, in violation of 18 U.S.C. §§ 2252A(2) and (b)(1).  Sway contends the district court plainly erred by permitting an investigating officer to testify for the Government as both a fact and expert witness without properly distinguishing the two roles for the jury.  After review,[1] we affirm.

The district court did not plainly err by permitting the investigating officer to testify as both a fact and expert witness.  *See United States v. Grzybowicz*, 747 F.3d 1296, 1302–03, 1311 (11th Cir. 2014) (affirming the district court's decision to permit an investigating officer to present expert opinion regarding computer forensics in a child pornography case).  To coherently present the investigating officer's testimony, the Government attempted to bifurcate the testimony into a fact portion and an expert portion, an arrangement to which Sway did not object. The district court, too, instructed the jury regarding the weight to be given to expert opinion testimony.  Although the district court might have instructed the jury regarding the distinction between a dual-role witness's fact and opinion testimony, *cf. United States v. Vera*, 770 F.3d 1232, 1243 (9th Cir. 2014) (requiring a clarifying instruction for dual-role witnesses), Sway fails to identify

---

[1] We review for abuse of discretion a district court's decision regarding the admissibility of expert testimony. *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004).  Where, as here, the defendant fails to object an alleged error, we review for plain error. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).  To establish plain error, a defendant must show (1) an error, (2) that is plain or obvious, (3) affecting his substantial rights in that it was prejudicial and not harmless, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

precedent from the Supreme Court or from this Court requiring such an instruction. Therefore, the district court did not plainly err in failing to give an additional instruction. *United States v. Cavallo*, 790 F.3d 1202, 1234 (11th Cir. 2015) ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving an issue." (quotation marks and alteration omitted)).

**AFFIRMED.**