[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15386
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00568-MHT-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA LANG WHIGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 1, 2018)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Joshua Whigan appeals his 180-month sentence for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), imposed as the result of his classification as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  On appeal, he argues that his sentence was a violation of the Eighth Amendment and substantively unreasonable.

We review for plain error when a defendant fails to object to an alleged error before the district court.  *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam).  When a defendant expressly consents to or affirmatively seeks a district court's decision, he is deemed to have invited any error the court may have made and thus waives appellate review for plain error.  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Whigan waived these challenges to his sentence by requesting the 180-month mandatory minimum sentence that the district court imposed.  In any event, our circuit and "every circuit to have considered the issue has concluded that the 15-year minimum mandatory sentence under ACCA is neither disproportionate to the offense nor cruel and unusual punishment."  *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (per curiam).

**AFFIRMED.**

2