[DO NOT PUBLISH]

THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14271
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60141-RKA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO LEIJA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 17, 2020)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Ricardo Leija ("Leija") appeals the district court's imposition of a 300-month sentence for his violation of 18 U.S.C. § 2251(a), (e), attempt to produce child pornography.  Leija argues that the district court committed sentencing error by applying a four-level enhancement for portraying sadistic or masochistic conduct pursuant to § 2G2.1(b)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G.").  Based upon our review of the record, we affirm Leija's 300-month sentence.

## I.

An indictment charged Leija with one count of attempting to produce child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 1), and one count for committing a felony involving a minor under 18 U.S.C. § 2251 while being a registered sex offender, in violation of 18 U.S.C. § 2260A (Count 2).  Leija agreed to plead guilty to Count 1, the government agreed to dismiss Count 2 following sentencing, and the parties agreed jointly to recommend a 25-year sentence, which was the statutory mandatory minimum sentence.  Leija objected to the probation officer's application of a four-level guideline enhancement for material portraying sadistic or masochistic conduct under U.S.S.G. § 2G2.1(b)(4)(A).  The district court overruled Leija's objection to the four-level enhancement, accepted Leija's guilty plea, and sentenced him to 300 months' imprisonment, a life term of

supervised release, and a $100 special assessment. The district court granted the government's motion to dismiss Count 2.

## II.

The factual proffer that supported Leija's plea provided, in part, as follows: In September 2017, law enforcement officers arrested a subject for enticement of a minor, and discovery in that case ultimately led to Leija. An undercover officer ("UC") began texting with Leija, and the UC posed as a father who had been sexually active for several years with his nine-year-old daughter. During their conversations, the UC sent Leija pictures that purported to be of the UC's daughter, but were in fact pictures of a human-like doll. On several occasions, Leija requested that the UC call him and play recordings of the UC having sex with his daughter. When the UC did not respond after several days, Leija texted him under a different pseudonym, expressing concern that the UC had been apprehended, and if he had been apprehended, the authorities might then try to find Leija.

After the conversations resumed, Leija expressed interest in traveling to Florida from his home in Nevada to have sex with the UC's purported nine-year-old daughter. Later, Leija asked the UC if he would make a video of his daughter engaged in sexual activity, and the UC agreed to make a video. Leila asked the UC to film his daughter having oral sex with him and to film his ejaculation on the

daughter's face, as well as other sexual activity.  As payment and to avoid

traceability, Leija sent the UC a gift card, and the UC redeemed the card and

verified that it contained $40.  The UC agreed to mail Leija an encrypted thumb

drive with the video, but the thumb drive contained only encrypted text files.

When Leija received the thumb drive, he sent a photo of it to the UC and used a

password the UC provided to open a locked container on the thumb drive.  Officers

arrested Leija at his home in Nevada.

### III.

Leija contends that the district court erred in applying the

sadistic/masochistic conduct enhancement because the government did not present

evidence of an actual video depicting a real child at risk of pain.  We review *de

novo* the district court's legal interpretation of the guidelines and its application of

the guidelines to the facts.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.

2014).  In the sentencing context, we review for clear error a district court's

findings of fact.  *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005).

Furthermore, in criminal cases, any errors that do "not affect substantial

rights must be disregarded."  Fed.R.Crim.P. 52(a).  An alleged error in applying an

offense level enhancement has been found to be harmless when the guideline range

would have remained the same without the enhancement.  *United States v. Sarras*,

575 F.3d 1191, 1220 n.39 (11th Cir. 2009) (concluding that any error in applying

2-level enhancement would be harmless because it raised the defendant's total offense level from 46 to 48 and all offense levels above 43 are treated as level 43 pursuant to U.S.S.G. ch. 5, pt. A, cmt. n.2). We have also concluded that when a defendant receives the statutory mandatory minimum sentence, any alleged guideline calculation error is harmless, and therefore, the issue need not be addressed on appeal. *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

## IV.

A conviction under 18 U.S.C. § 2251 by a person who has one prior conviction for a child sex or child pornography offense carries a mandatory minimum sentence of 25 years (300 months). Leija was subject to this statutory minimum because he had a prior conviction in Nevada for possessing a visual presentation depicting sexual conduct of a child. (R. PSI ¶ 32.) *See* 18 U.S.C. § 2251(e) ("[I]f such person has one prior conviction . . . under the laws of any State relating to . . . possession . . . of child pornography, such person shall be . . . imprisoned for not less than 25 years.") Because of the statutory minimum, and in the absence of any limited circumstances that would have allowed the district court to avoid the statutory minimum, the district court could not sentence Leija to less than 300 months.

Furthermore, even if the district court had sustained Leija's objection to the four-level enhancement for sadistic/masochistic conduct, Section 5G1.1 provides that "the statutorily required minimum sentence" shall be the guideline sentence in cases where the statutory minimum "is greater than the maximum of the applicable guideline range." U.S.S.G. § 5G1.1(b). Thus, because the 300 months' sentence is greater than the maximum of the guideline range that Leija would have received without the enhancement (188-235 months), his sentence would not have changed. The district court acknowledged this fact, and defense counsel agreed that the enhancement would have no effect on the advisory guideline sentence. (R. Doc. 64, p. 14.)

Therefore, based on our review of the record, Leija would have received at least a 300 months' sentence with or without the four-level enhancement. Given that the removal of the enhancement would have no effect on his ultimate sentence, any error in its application was harmless, and we need not review it. *See Raad*, 406 F.3d at 1321 n.1.

Assuming *arguendo* that we do review the sentence, we find no error in the district court's application of the enhancement. Section 2X1.1 of the guidelines allows a sentencing adjustment "for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1. The record facts show that Leija solicited and paid for the creation of a pornographic video featuring a

nine-year-old girl.  This establishes Leija's intent to receive a pornographic video regardless of whether the video ever materialized.  Moreover, what Leija intended would have been, without dispute, material that portrayed sadistic conduct.  The record evidence here shows that Leija intended for the UC to create a pornographic video featuring the sexual penetration of a nine-year-old girl, which is considered sadistic conduct.  The government demonstrated the offense conduct with reasonable certainty.  Accordingly, based on the aforementioned reasons, we conclude that the district court properly sentenced Leija to 300 months' imprisonment based on his violation of 18 U.S.C. § 2551(a) and (e).  Thus, we affirm his sentence.

AFFIRMED.