[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14431
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00213-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EROLD MARTIN PANOPIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 15, 2020)

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Erold Martin Panopio appeals his 235-month sentence for attempted online enticement of a minor for illegal sexual activity, in violation 18 U.S.C. § 2422(b). After careful review of the parties' briefs and the record, we affirm.

# I

## A

In 2018, a mental health counselor for a 15-year-old girl, L.M., told police that L.M. had been communicating with older men. L.M.'s mother consented to the police searching her daughter's phone, and the police uncovered hundreds of text messages with Mr. Panopio and Snapchat conversations with him. They also found a video of L.M., another 15-year-old girl, and Mr. Panopio engaging in sexual intercourse.

In the text messages, Mr. Panopio had told L.M. he was 19 years old, though he was actually 24 at the time. L.M. had shared with Mr. Panopio her mental health struggles and her mother's cancer diagnosis.

Authorities assumed L.M.'s online identity and began texting with Mr. Panopio. They arranged a meeting with Mr. Panopio under the pretense that he was meeting L.M. and a 13-year-old for sexual intercourse. Mr. Panopio drove to the meeting location, and he was arrested after he exited his vehicle.

In April of 2019, Mr. Panopio pleaded guilty to attempted online enticement of a minor for illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

**B**

Prior to sentencing, a probation officer prepared a presentence investigation report that recommended a total offense of 36 and a criminal history category at I, with an advisory sentencing guidelines range of 188 to 235 months (life imprisonment was the statutory maximum term). That offense level included a five-level enhancement under U.S.S.G. § 4B1.5(b)(1) for a pattern of activity involving prohibited sexual conduct. Mr. Panopio objected to this enhancement because it was discretionary and he had only been charged with one count, but the district court disagreed and found the enhancement because the  underlying offense involvedg a pattern of conduct with multiple victims.

The district court ultimately adopted the proposed guideline calculations, and sentenced Mr. Panopio to 235 months of imprisonment and 15 years of supervised release. This appeal followed.

**II**

Mr. Panopio challenges his sentence on Eighth Amendment grounds, but concedes that he did not raise an Eighth Amendment claim in the district court. We review non-capital Eighth Amendment claims for plain error when a claim is raised for the first time on appeal. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). Under this standard of review, a defendant must demonstrate that there was a plain or obvious error that affected his substantial rights, and that the error

seriously affected the "fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks and citation omitted).  Generally, "[a]n error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (internal citation and quotation marks omitted).

## III

Mr. Panopio argues that his 235-month sentence of imprisonment and 15-year term of supervised release violate the Eighth Amendment.  He primarily relies on three Supreme Court decisions to argue that Eighth Amendment jurisprudence mitigating criminal penalties for juveniles should be extended to young adults.  *See Miller v. Alabama*, 567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005).  He also cites to scientific research on neurological development and maturation, as well as recent legislative reforms and model legislation that extend juvenile protections to adults under the age of 25.

In response, the government contends that Mr. Panopio has not met his burden or cited any controlling authority to support his Eighth Amendment argument.  The government also argues that the cases cited by Mr. Panopio are distinguishable because Mr. Panopio is not a juvenile and he was not sentenced to life imprisonment or death.  Additionally, the government notes that Mr. Panopio's sentence is within the limits imposed by statute and thus not violative of the Eighth Amendment.

4

In evaluating an Eighth Amendment challenge in a noncapital case, we must first determine whether the sentence imposed is grossly disproportionate to the offense committed. *See United Slates v. Carthen,* 906 F .3d 1315, 1322 (11th Cir. 2018). The Eighth Amendment contains a narrow proportionality principle that applies to noncapital sentences, but it does not require strict proportionality between the sentence and the crime. *See United States v. Smith,* 967 F.3d 1196, 1214 (11th Cir. 2020). In general, a noncapital sentence imposed within statutory limits is not considered excessive or cruel and unusual under the Eighth Amendment. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014). *Cf. Solem v. Helm*, 463 U.S. 277, 297-303 (1983) (holding that a life sentence without the possibility of parole for a recidivist with seven underlying nonviolent felonies violated the Eighth Amendment).

Mr. Panopio has made no showing of disproportionality sufficient to establish plain error. His 235-month prison sentence and 15-year term of supervised release fall within the statutory and guideline imprisonment and supervised released guideline ranges. His sentence, given the underlying conduct, is not grossly disproportionate to his crime.

In addition, Mr. Panopio has not cited to any binding precedent that demonstrates plain error. Though he cites to three cases, none are dispositive because Mr. Panopio was not a juvenile when he was sentenced, and he was not

5

sentenced to life imprisonment or death.  *See Miller*, 567 U.S. at 489; *Graham*, 560 U.S. at 82; *Roper*, 543 U.S. at 551.  Mr. Panopio's argument that these cases should be extended to young adults, without citation to any binding precedent, is insufficient to show that the district court committed plain error.  *See, e.g.*, *United States v. Lange,* 862 F.3d 1290, 1296 (11th Cir. 2017).  Furthermore, the district court expressly considered Mr. Panopio's youthful age when determining his sentence.

Mr. Panopio has failed to meet his burden of demonstrating that the district court committed plain error under the Eighth Amendment in sentencing him. Accordingly, his sentence is affirmed.

**AFFIRMED.**