[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

No. 10-10628
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cr-00013-WTH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REPLOGLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 9, 2010)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Michael Replogle appeals his 135-month sentence imposed after pleading

guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. §

2252(a)(2)(B) and (b)(1).  On appeal, Replogle argues that his sentence, which was at the bottom of the guideline range, violates the Eighth Amendment to the United States Constitution; that he received ineffective assistance of counsel at sentencing; and that the guidelines applicable to his offense are unduly harsh and his sentence is therefore unreasonable.  After review, we hold that Replogle's sentence does not plainly violate the Eighth Amendment and that his remaining claims are barred by his sentence appeal waiver.  Accordingly, we affirm.

## I.

In late 2002, Immigrations and Customs Enforcement agents interviewed an individual in California in connection with a child pornography investigation.  After admitting that he distributed child pornography, he provided agents written consent to search his email account.  This search showed that he had sent a number images of child pornography to various America Online subscribers, one of whom turned out to be Michael Replogle.

For reasons that are unknown, agents did not pursue Replogle at that time.  Nevertheless, some five years later, Replogle was contacted at his home in Florida by a Lake County Sheriff's Office detective.  During this interview, Replogle admitted that he had previously traded child pornography on the Internet, but stated that he had not done so for some time.  Replogle gave written consent to

search his computer. The detective found numerous images of young children both clothed and naked, and engaged in various sex acts and poses, which Replogle said he thought had been deleted. In a second interview with detectives, Replogle again admitted trading child pornography on the Internet and saving the images to his computer. After being shown some of these images, he admitted that many of the children were under ten years old and that all were under the age of eighteen. Agents then conducted a forensic examination of Replogle's hard drive, which revealed 228 images and one movie depicting child pornography. Five of the images portrayed sadistic or masochistic conduct and many portrayed prepubescent minors. Agents also recovered 111 emails dated between March and June of 2005 with attached images of child pornography, of which eleven involved children less than twelve years old and one portrayed sadistic or masochistic conduct.

Replogle was indicted in the Middle District of Florida on one count of knowingly receiving and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), and one count of knowingly possessing child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). He pleaded guilty to the first count pursuant to a written plea agreement, and the government agreed to dismiss the second

count. Under the plea agreement, Replogle expressly waived his right to appeal or collaterally attack his sentence except in four limited circumstances: his sentence exceeds either the guideline range determined by the district court or the statutory maximum, violates the Eighth Amendment, or the government exercises its right to appeal.

The presentence report ("PSR") prepared by the U.S. Probation Office determined Replogle's base offense level was 22 under U.S.S.G. § 2G2.2(a)(2). The PSR then recommended a total increase of fourteen levels because the material had been distributed, involved prepubescent minors, and portrayed sadistic or masochistic conduct; a computer had been used to transmit and view the material over the Internet; and at least 300 but less than 600 images were involved.[1] After a three-level reduction for acceptance of responsibility, Replogle's total offense level was 33. With a Criminal History Category of I, Replogle's guideline range was 135 to 168 months.

Replogle did not object to the guideline calculations, but argued that he should be sentenced to the mandatory minimum of five years based on the 18 U.S.C. § 3553(a) factors. In particular, he argued that the guidelines over-

[1] Replogle was found to possess a total of 303 images. This included the 228 images recovered from Replogle's computer and one movie, which is deemed to equal 75 images under the guidelines.

represented the seriousness of his offense because only a small fraction of the images involved sadistic or masochistic conduct, and because he exceeded the 300-image threshold by just three images, and then only because the guidelines arbitrarily assign a 75-image equivalency to a single video. He also pointed to other factors the district court should consider, including his cooperation with authorities, prior military service, and lack of a criminal record; that he had already lost his job and his home as a result of his conduct; and that he had not sent or received any images in the two years before his arrest. Ultimately, the district court adopted the PSR as the findings of the court and sentenced Replogle at the bottom of his guideline range. Replogle now appeals his sentence.[2]

## II.

Replogle contends that his sentence violates the Eighth Amendment. This argument was not raised in the district court, therefore we review Replogle's sentence only for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial

---

[2] Although Replogle did not initially appeal his sentence, he filed a motion under 28 U.S.C. § 2255 asserting that his attorney provided ineffective assistance for a number of reasons, including that he did not timely file an appeal as Replogle instructed. The district court granted Replogle's motion to vacate and reimposed the 135-month sentence, thus enabling Replogle to file a timely notice of appeal.

and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations omitted).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. "The amendment 'contains a narrow proportionality principle that applies to noncapital sentences.'" United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir. 2006) (quoting Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003)) (internal quotation marks omitted). "'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.'" Id. at 1243 (quoting United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005)). "This is so because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." Raad, 406 F.3d at 1323 (quotations omitted). For that reason, the Supreme Court has made it clear that, "'[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare.'" Solem v. Helm, 463 U.S. 277, 289, 103 S. Ct. 3001, 3009 (1983) (quoting Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138 (1980) (alterations and emphasis in original)).

6

In evaluating an Eighth Amendment challenge to a noncapital sentence, "a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). The defendant bears the burden of making this showing. Johnson, 451 F.3d at 1243. "If the sentence is grossly disproportionate, 'the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.'" Id. (quoting Raad, 406 F.3d at 1324).

Replogle has not shown that his sentence plainly violates the Eighth Amendment. Replogle's 135-month sentence, at the bottom of his guideline range, is far below the 20-year statutory maximum for the offense. We have frequently recognized that a sentence within the statutory limits generally does not violate the Eighth Amendment, and that a defendant whose sentence falls below the statutory maximum cannot make the threshold showing of disproportionality. See, e.g., id.; Raad, 406 F.3d at 1324 & n.4. In view of this precedent and having considered the record in this case, we cannot say that Replogle's sentence was "grossly disproportionate to the offense committed," much less that the district court committed plain error by imposing the sentence it did.[3] Replogle's Eighth

---

[3] Replogle points to a number of factors in this case that might have supported a lesser sentence, including his cooperation with investigators (for which he already received credit in the

7

Amendment challenge therefore fails.[4]

### III.

Replogle argues that he received ineffective assistance of counsel at sentencing. He also contends that the sentencing guidelines applicable to his offense are unduly harsh, and thus, his within-guidelines sentence is substantively unreasonable. As stated above, however, Replogle's plea agreement contained a sentence appeal waiver. Therefore we must first determine whether this waiver forecloses a challenge to his sentence on these grounds.

The validity of a sentence appeal waiver is a question of law we review de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). "A sentence appeal waiver must be made knowingly and voluntarily." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce a sentence appeal waiver "if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver."

---

form of a reduction for acceptance of responsibility), that he apparently ceased downloading or trading child pornography, his military service and stable home life, and that he only marginally exceeded the 300-image threshold, which led to an additional increase in his offense level. These factors are properly addressed to the sentencing court's discretion in crafting a reasonable sentence. They do not, however, render his sentence a plain violation of the Eighth Amendment.

[4] Because we conclude that Replogle has not made a threshold showing of disproportionality, we need not consider the sentences imposed on others. Raad, 406 F.3d at 1324 n.4.

Id.; see also Bushert, 997 F.2d at 1351.

The language of the sentence appeal waiver in Replogle's plea agreement is clear and unambiguous. During the plea colloquy, the district court specifically questioned Replogle about this provision. The district court explained that, with the exception of the four circumstances set forth in the plea agreement, Replogle would forever waive any right to appeal or collaterally attack his sentence. Replogle confirmed his understanding of the sentence appeal waiver and stated that he had specifically discussed it with his attorney. On this record, we conclude that Replogle's sentence appeal waiver is valid and enforceable. See Bushert, 997 F.2d at 1351.

In his plea agreement, Replogle waived his right to appeal or collaterally attack his sentence except where his sentence (1) exceeds the guidelines range calculated by the district court, (2) exceeds the statutory maximum, (3) violates the Eighth Amendment, or (4) where the government exercises its right to appeal. Replogle's ineffective assistance claim and his challenge to the substantive reasonableness of his sentence do not fall within any of these exceptions. Replogle is therefore precluded from challenging his sentence on these grounds.

AFFIRMED.