[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10093
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00009-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW S. STEARMAN,
a.k.a. Kerensky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2011)

Before EDMONDSON, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Matthew Stearman appeals his sentence of 210 months imprisonment and a lifetime of supervised release resulting from his conviction for distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), which carry a statutory maximum sentence of 240 months imprisonment. Stearman contends that his sentence is grossly disproportionate to the offense he committed, thus constituting cruel and unusual punishment under the Eighth Amendment.

Stearman did not, however, object to his sentence on that ground in the district court, so we review only for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights . . . ; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotation marks omitted). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009).

"In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Johnson, 451 F.3d 1239, 1243–44 (11th Cir. 2006) (quotation marks omitted) (holding that a 140-month sentence for producing and distributing child

pornography was not cruel and unusual, because the sentence was less than the statutory maximum).  In fact we have "never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the Supreme Court has found only one to do so."  United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010).  And the one "extraordinary case" in which the Supreme Court found a violation "was for a sentence of life imprisonment without parole imposed on a petty criminal who wrote a bad check for $100, the latest in a string of his relatively minor, nonviolent offenses."  Id. at 1343–44 (citing Solem v. Helm, 463 U.S. 277, 280–81, 103 S.Ct. 3001, 3005 (1983)).

Even if we assume that Stearman's sentence was error, the error was not plain or obvious.  Stearman's sentence was within the statutory range, which in general means that the sentence does not violate the Eighth Amendment. Stearman's case "is not one of those extraordinary cases, one of those exceedingly rare situations, in which the specified term of imprisonment violates the Eighth Amendment."  Farley, 607 F.3d at 1344.  Accordingly, the district court did not plainly err in imposing Stearman's 210-month sentence.

**AFFIRMED.**