[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10394
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00167-GAP-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PATRICK WAHL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 14, 2013)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Mark Wahl appeals his 120-month sentence for conspiracy to possess with intent to distribute and manufacture marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(D), and 2. Wahl contends his mandatory minimum 120-month sentence was not just, fair, or appropriate, and implicated his Eighth Amendment right to freedom from cruel and unusual punishment. He concedes, however, there is no case law on point to support his position.

"We review *de novo* the legality of a sentence under the Eighth Amendment." *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012). "Our jurisprudence recognizes a 'narrow proportionality principle that applies to noncapital sentences." *Id.* at 1255-56 (citing *United States v Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006)). When addressing an Eighth Amendment challenge:

> a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

*United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005) (citation omitted). The burden lies with the defendant to make a threshold showing that his sentence is grossly disproportionate to the offense. *McGarity*, 669 F.3d at 1256.

We have upheld mandatory minimum sentences in various contexts. *See Raad*, 406 F.3d at 1324 (outlining case law upholding mandatory minimum

2

sentences).  Sentences as high as mandatory life have been held constitutional by the Supreme Court.  *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991).

Wahl has failed to carry his burden to make a threshold showing that his sentence violated the Eighth Amendment, and has conceded that no case law supports his position.  Accordingly, we affirm.

**AFFIRMED.**