[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12349
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00783-CSC

CHARLES G. CHRENKO,

Plaintiff-Appellant,

versus

BOB RILEY,
Governor, in his individual and official capacity,
TROY KING,
Attorney General, in his individual and official capacity,
J. CHRISTOPHER MURPHY,
Colonel, in his individual and official capacity,
RICHARD ALLEN,
Commissioner, in his individual and official capacity,
KATHY HOLT,
Dir. of Central Records, in her individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 19, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Chrenko, a former Alabama prisoner, sued six Alabama state officials, alleging that the defendants' enactment, application, and enforcement of the Alabama Community Notification Act (ACNA) violated his rights under the U.S. Constitution and a variety of federal laws. He sought declaratory and injunctive relief, as well as damages from the defendants in their official and individual capacities under 42 U.S.C. § 1983. The defendants moved for summary judgment on all claims, which the magistrate judge hearing the case granted.[1] On appeal, Chrenko challenges only the magistrate judge's grant of summary judgment as to his claims for damages.[2]

---

[1] The parties consented to have the magistrate judge conduct all proceedings and enter a final judgment in this case. See 28 U.S.C. § 636(c)(1).

[2] In granting summary judgment to the defendants, the magistrate judge determined that Chrenko's claims for declaratory and injunctive relief were moot because the ACNA had been repealed before the magistrate judge issued his decision. Chrenko does not challenge that determination on appeal, and he has therefore abandoned the issue. See, e.g., Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "issues not briefed on appeal by a pro se litigant are deemed abandoned").

Chrenko contends that the enactment and enforcement of the ACNA, Alabama's now-repealed sex offender registration statute, violated his rights under the First and Eighth Amendments.[3]  He argues that he suffered harassment and discriminatory treatment from the public because the ACNA required him to notify the public of his sex offender status.  He claims that the notification requirements violated his Eighth Amendment rights because it is cruel and unusual punishment to require him to notify the public of his sex offender status and, consequently, endure harassment from a hostile public.  He claims that the Act violated his First Amendment right to assemble because he could not go out in public without being harassed.

## I.

We review de novo the magistrate judge's grant of summary judgment, and we review the judge's factfindings for clear error.  Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1325 (11th Cir. 2001).

---

[3] He also claims that the Act's requirements violated his rights under the Privileges and Immunities Clause of the Fourteenth Amendment.  We do not evaluate that argument on appeal because Chrenko never raised it before the magistrate judge.  See, e.g., Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

In September 2003 Chrenko was convicted of two counts of attempted first-degree rape of a child under the age of twelve and sentenced to fifteen years imprisonment.  He initially served two years and six months in prison and had the remainder of his sentence suspended.  As a convicted sex offender, Chrenko was subject to the notification requirements of the ACNA during the time he was out of prison on probation.  In 2008 Chrenko's probation was revoked and he returned to prison to serve out the remainder of his sentence.

In granting summary judgment to the defendants on Chrenko's § 1983 claims, the magistrate judge found that "the record . . . fails to demonstrate that the provisions of the ACNA were ever applied to [Chrenko]."  That finding was clearly erroneous.  Chrenko submitted an affidavit with his complaint, stating that he received threats of bodily harm and suffered harassment in 2006 when he was subject to the ACNA's notification provisions while on probation.   The defendants did not submit any evidence to contradict that statement in Chrenko's affidavit, and they did not provide any evidence that would establish that Chrenko was never subject to the ACNA.  As a result, the magistrate judge's grant of summary judgment relied on a clearly erroneous finding of fact.

However, we may still affirm the magistrate judge's decision "if there exists any adequate ground for doing so, regardless of whether it is the one on which the [magistrate judge] relied." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th

4

Cir. 1993). That is the case here. In order to prevail on his § 1983 claims, Chrenko must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Because he has shown no cognizable violation of the First or Eighth Amendments, the defendants were entitled to summary judgment on the § 1983 claims.

Chrenko's contention that his First Amendment right to assemble was violated amounts to a claim that the ACNA impeded his right to social association because its registration requirements led to his harassment by the public. The Supreme Court has stated, however, that the right to "social association" is not protected by the First Amendment. See City of Dallas v. Stanglin, 490 U.S. 19, 25, 109 S.Ct. 1591, 1595 (1989) ("[W]e do not think the Constitution recognizes a generalized right of social association . . . .") (quotation marks omitted); see also City of Chicago v. Morales, 527 U.S. 41, 53, 119 S.Ct. 1849, 1857 (1999) (noting that a gang loitering ordinance's "impact on the social contact between gang members and others does not impair the First Amendment right of association that our cases have recognized") (quotation marks omitted). Therefore, Chrenko has not asserted a deprivation of his First Amendment rights and the defendants were entitled to summary judgment on that § 1983 claim.

The defendants were also entitled to summary judgment on Chrenko's § 1983 claim alleging a deprivation of his Eighth Amendment rights. "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle," United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005), and "it forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Farley, 607 F.3d 1294, 1341 (11th Cir. 2010). That is a difficult standard to meet, and the harassment that Chrenko allegedly suffered because of the ACNA does not satisfy the high threshold for cruel and unusual punishment. See, e.g., United States v. Juvenile Male, 670 F.3d 999, 1010 (9th Cir. 2012) (holding that the federal sex offender registration law did not violate the Eighth Amendment given that "[t]he bar for cruel and unusual punishment is high"); see also Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991) (plurality opinion); Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703 (1982) (per curiam). Accordingly, the defendants were entitled to summary judgment on Chrenko's § 1983 claim alleging a violation of his Eighth Amendment rights.

For the reasons stated above, the magistrate judge's grant of summary judgment in favor of the defendants is **AFFIRMED**.