[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14678
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-01381-WMR

BRANDON MYLES PATE,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 29, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Pate, a counseled Georgia prisoner, challenges the district court's

denial of his 28 U.S.C § 2254 petition on the merits.  Pate argues that his twenty-

year sentence for the crime of statutory rape, which he committed when he was fifteen years old, violates his Eighth Amendment right to be free from cruel and unusual punishment. The Georgia Supreme Court concluded that it did not, and that decision is entitled to our deference. We affirm.

## I.

After a jury trial in 2010, Pate was convicted of statutory rape, aggravated assault, and possession of a knife during the commission of a felony. He was acquitted of nine other offenses including forcible rape, terroristic threats, and child molestation. According to the Georgia Supreme Court, the evidence presented at Pate's trial showed the following:

> On an evening in late December 2006 or early January 2007, 13-year-old M.R. was at her home in Gwinnett County. Although her father had forbidden visitors, M.R. invited her best friend, K.E., to visit. Pate (who then was 15 years old) and another boy drove K.E. to M.R.'s home and dropped her off. K.E. snuck through a window into M.R.'s bedroom, where the girls watched television and ate snacks. All the while, M.R.'s father was asleep in an adjoining bedroom.
>
> At some point, Pate and the other boy returned to M.R.'s home, ostensibly to pick up K.E. Pate entered M.R.'s bedroom through the window and asked M.R., "When are you going to give it up to me?" M.R. told Pate that she did not want to have sex with him. Pate continued to ask for sex, and M.R. continued to refuse him. Pate then pulled a knife from his pocket and said, "Well, if you're not going to have sex with me, then I'm going to slit your dad's throat." Believing the threat to be credible, M.R. gave in to Pate's demands. He took off her clothes and twice had sex with her. After Pate finished, he left with K.E. and the other boy. M.R. kept quiet about the incident for nearly two years, and in December 2008, she told her father, who reported the incident to law enforcement.

*Conley v. Pate*, 825 S.E.2d 135, 137 (Ga. 2019).  The state also presented testimony that Pate engaged in similar behavior with another victim soon after this incident.

Pate was sentenced to the statutory maximum of twenty years of imprisonment for statutory rape, a consecutive term of twenty years of probation for aggravated assault, and a consecutive term of five years of probation for the knife possession offense.  Pate appealed his convictions, and the Georgia Court of Appeals affirmed.  *See Pate v. State*, 726 S.E.2d 691, 693 (Ga. Ct. App. 2012).

In December 2013, Pate filed a *pro se* state petition for a writ of habeas corpus. After obtaining counsel, Pate filed an amended petition raising the claim at issue here: that his twenty-year sentence was so disproportionate to the crime of statutory rape that it amounted to cruel and unusual punishment in violation of the Eighth Amendment.  Relatedly, Pate maintained that the statutory rape offense was a misdemeanor which could not sustain a felony sentence of twenty years.

After a hearing, the state habeas court determined that Pate was entitled to relief and granted the writ of habeas corpus.  In relevant part, the habeas court concluded that the twenty-year sentence for statutory rape was "grossly disproportionate" to his offense.  The court reasoned that Pate was not sufficiently culpable to warrant the maximum penalty due to his "youth, immaturity and impulsivity" when he committed the offense.  In addition, the court described Pate's conduct as a "passive felony" merely involving "consensual sex with an individual

3

younger than him," which the court said was either a misdemeanor or not a crime in other jurisdictions. Finally, the court asserted that the offense was, in fact, a misdemeanor because it fell within O.C.G.A. § 16-6-3(c), which makes statutory rape a misdemeanor "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim."

The Georgia Supreme Court unanimously reversed the grant of habeas relief. *Pate*, 825 S.E.2d at 137. First, the court found that Pate had been convicted of a felony, not a misdemeanor. *Id.* at 138. Because § 16-6-3(c) "applies *only* when the victim is 'at least 14 [years of age],'" the court explained, it did not apply where, as in this case, the victim was thirteen years old at the time of the crime. *Id.*

Second, the Georgia Supreme Court found that Pate had not created an inference that the sentence was grossly disproportionate to the offense under the Eighth Amendment. *Id.* The court explained that, when assessing the gravity of the offense, courts "consider what actually happened" rather than just the statutory elements. *Id.* at 139. And in the court's view, the actual facts showed that the state habeas court had "grossly mischaracterize[d] what Pate did to M.R.," which was to "brandish[] a knife and threaten[] to kill her father" to pressure her to have sex with him. *Id.* The court also addressed § 16-6-3(c), reasoning that, because it expressly did not apply to Pate's offense, there was no indication that the Georgia legislature

4

had determined that his conduct ought to be punished only as a misdemeanor. *Id.* at 139–40. Thus, the court stated that, "despite [Pate's] young age, his sentence for statutory rape must stand." *Id.* at 140.

Pate sought habeas relief in federal court under 28 U.S.C. § 2254, raising his Eighth Amendment claim, among others. A magistrate judge recommended that the § 2254 petition be denied, and the district court adopted that recommendation over Pate's objections. While the district court recognized that Pate, "as a fifteen-year-old at the time of his crimes, may be less deserving of the most severe punishment," it agreed with the Georgia Supreme Court that his twenty-year sentence, though "harsh," was not "grossly disproportionate" to the conduct of brandishing a knife to pressure a resistant thirteen-year-old to have sex. The court granted a certificate of appealability on this issue, which Pate advances on appeal.

Pate maintains that it is cruel and unusual, in violation of the Eighth Amendment, to sentence a juvenile first offender to the maximum penalty of twenty years in prison for statutory rape when the conviction resulted from consensual sex with another teenager.

## II.

In a § 2254 case, we review the district court's decision *de novo*, but we generally review the state court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010). When a state court has resolved a

petitioner's claim on the merits, we must defer to the state court's decision unless it was objectively unreasonable in view of clearly established federal law or the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). A state court's decision is objectively unreasonable "only if no 'fairminded jurist' could agree" with the state court's determination of the facts or its application of clearly established law. *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012).

## III.

Under the Eighth Amendment, as incorporated by the Fourteenth Amendment, the states cannot inflict "cruel and unusual punishments." U.S. Const. amend. VIII; *see Estelle v. Gamble*, 429 U.S. 97, 101 (1976). This prohibition covers not only "inherently barbaric punishments," such as torture, but also punishments that are "disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 59 (2010).

In non-capital cases, the Eighth Amendment does not "require strict proportionality but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* at 59–60 (quotation marks omitted). To determine whether a sentence for a term of years is grossly disproportionate to the crime, the court must "begin by comparing the gravity of the offense and the severity of the sentence." *Id.* at 60. This inquiry is based on "all of the circumstances of the case." *Id.* at 59. If this "threshold comparison" yields an "inference of gross

disproportionality," which will be "rare," "the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* at 60 (quotation marks omitted). Only if this "comparative analysis" validates the initial inference of gross disproportionality is the sentence cruel and unusual. *Id.*; *see United States v. Raad*, 406 F.3d 1322, 1323–24 (11th Cir. 2005) (outlining the same basic approach).

The Georgia Supreme Court applied this analysis and concluded that Pate failed to show at the "threshold" stage that his sentence was constitutionally disproportionate. According to the Georgia Supreme Court, the trial evidence and the jury verdict established that Pate pressured a resistant thirteen-year-old girl to have sex with him by brandishing a knife and threatening to kill her father. This conduct was serious enough in the court's view that, "despite his young age," his twenty-year sentence did not establish an inference of gross disproportionality.

Pate falls short of showing that the Georgia Supreme Court's decision is not entitled to our deference. *See United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010) ("Successful challenges to the proportionality of particular sentences are exceedingly rare."). We acknowledge that juveniles, particularly those like Pate who were under sixteen years old at the time of the crime, are "less culpable than adults." *Roper v. Simmons*, 543 U.S. 551, 571 (2005); *see Miller v. Alabama*, 567 U.S. 460,

7

471 (2012) (because of their "diminished capacity and greater prospects for reform," juveniles are "constitutionally different from adults for purposes of sentencing"). For that reason, the Supreme Court over time has either ruled out or limited a state's "harshest penalties"—the death penalty and life without parole—for juvenile offenders. *See Miller*, 567 U.S. at 470–79 (reviewing this precedent).

Nevertheless, Pate was not subject to Georgia's "harshest penalties," and his conduct was serious and violent, despite his youth. Although Pate claims that the sex was consensual, pointing to his acquittal of forcible rape, he does not identify any specific factual dispute with the Georgia Supreme Court's description of his conduct, which we quoted at length above. As that court recounted, when the victim refused Pate's demands to have sex, he pulled a knife from his pocket and told the victim, "Well, if you're not going to have sex with me, then I'm going to slit your dad's throat," after which she gave in to his demands. Plus, the jury convicted Pate of aggravated assault with a knife, so it was certainly reasonable for the Georgia Supreme Court to conclude that the sex was not "consensual" in a colloquial sense—persons under sixteen cannot give legal consent in Georgia—and that his conduct was therefore significantly more blameworthy than if a fifteen-year-old had simply engaged in "consensual" sex with a thirteen-year-old.

A twenty-year sentence for a fifteen-year-old first-time offender is without a doubt a severe penalty. But it is not comparable to a sentence of life without parole

8

or of death.  *See Miller*, 567 U.S. at 470–79.  And based the circumstances of the case, which included Pate pressuring a resistant thirteen-year-old girl to have sex by brandishing a knife and threatening to kill her father, we cannot say that the Georgia Supreme Court was unreasonable in concluding that Pate had not established an inference that the twenty-year sentence was "grossly disproportionate" to the crime.

Pate's arguments in response are unpersuasive.  Highlighting the fact that he received the maximum statutory penalty, Pate stresses a comparison between himself ("a 15-year[-]old boy who had sex with a 13-year[-]old girl once") and a hypothetical adult male repeat offender ("a 50-year[-]old man who has twice before had sex with a 13-year[-]old girl"), arguing that it would be "absurd" and cruel to give them both the same sentence.  But the Georgia Supreme Court was not required to consider the sentences imposed on others, whether real or hypothetical, because the court did not unreasonably concluded that Pate failed to make a threshold showing of disproportionality.[1]  *See Graham*, 560 U.S. at 59–60; *United States v. Raad*, 406 F.3d 1322, 1324 n.4 (11th Cir. 2005) ("Because Raad cannot make a

---

[1] Moreover, statutory limits play little if any role in the threshold proportionality analysis, which compares the gravity of the conduct and the length of the sentence. *See Graham*, 560 U.S. at 60; *Farley*, 607 F.3d at 1343 (disregarding that the thirty-year sentence at issue was the statutory minimum sentence in analyzing whether it was "constitutionally disproportionate").  *But see United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." (quotation marks omitted)).

9

threshold showing of disproportionality, we need not consider the sentences imposed on others.").

Pate also suggests that we should consider the fact that his counts of conviction, had they been charged independently of the counts of acquittal, would have been prosecuted in juvenile court.  That, of course, is not what happened.  And even assuming this may be a relevant consideration, there is no "clearly established [f]ederal law" that required the Georgia Supreme Court to consider it, *see* 28 U.S.C. § 2254(d), nor would it undermine that court's reasoning.  Moreover, the court considered and rejected Pate's similar arguments based on § 16-6-3(c) and the alleged views of the Georgia legislature regarding whether his conduct was less blameworthy than other violations of § 16-6-3(a).

For these reasons, Pate has not shown that the Georgia Supreme Court's decision was based on either an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  The Georgia Supreme Court applied the correct analytical framework under controlling Supreme Court precedent and did not unreasonably conclude, based on both the facts and the law, that Pate's twenty-year sentence, despite his young age, was not grossly disproportionate to the crime.  We affirm the denial of his § 2254 petition.

**AFFIRMED.**