[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12460

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWARD ALAN HARDIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00093-MMH-JBT-1

_____

Before Rosenbaum, Jill Pryor, and Brasher, Circuit Judges.

PER CURIAM:

Appellant Edward Hardin pled guilty to one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). For these crimes, the district court imposed a total sentence of 480 months' imprisonment, which was the statutory maximum sentence the court could impose for these charges. On appeal, Hardin challenges the procedural and substantive reasonableness of his sentence and also argues that it violated the Eighth Amendment's prohibition on cruel and unusual punishment.[1]

We begin with Hardin's challenge to the reasonableness of his sentence. Hardin argues that his sentence was procedurally and substantively unreasonable because the district court "misapplied the Sentencing Guidelines," "relied on fatally flawed guidelines," failed to properly consider the sentencing factors set forth at 18 U.S.C. § 3553(a),[2] failed to provide "a sufficient explanation" for

---

[1] Because we write only for the parties, who are already familiar with the facts and proceedings in the case, we include only what is necessary to explain our decision.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment;

its decision, and imposed an "excessive term of incarceration." Appellant's Br. at 18.

We dismiss this portion of the appeal because in the plea agreement Hardin knowingly and voluntarily waived his right to challenge on appeal the procedural and substantive reasonableness of his sentence. He was charged not only with the crimes to which he pled guilty, but also with two counts of enticing a minor to engage in a commercial sexual act, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1); two counts of using a computer and cell phone to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); two counts of using a computer and cell phone to entice a minor to produce child pornography, in violation of 18 U.S.C. §§ 2422(b) and 2427; and one count of enticing a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e). For these charges, Hardin faced a potential maximum sentence of life imprisonment. In the plea agreement, he agreed to plead guilty to only two of the charges—attempting to produce child pornography and possessing child pornography—in exchange for dismissal

---

deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

of the remaining seven charges. Hardin's statutory maximum sentence was therefore reduced to 40 years' imprisonment. As a part of the plea agreement, Hardin agreed to "waive[] the right to appeal [his] sentence on any ground," except to raise a challenge that "the sentence exceed[ed] the . . . applicable guidelines range as determined by the Court," "the sentence exceed[ed] the statutory maximum penalty," or "the sentence violate[d] the Eighth Amendment to the Constitution." Doc. 89 at 14 (emphasis omitted).[3]

A defendant's waiver of the right to appeal his sentence is enforceable so long as the waiver was "knowing and voluntary." *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). The record reflects that Hardin knowingly and voluntarily waived his right to challenge the procedural and substantive reasonableness of his sentence on appeal; thus, we dismiss this portion of his appeal.

We now turn to Hardin's Eighth Amendment challenge. In the plea agreement, Hardin retained the right to raise this issue on appeal. But because he did not raise it in the district court, we review for plain error only. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). When the "explicit language of a statute or rule does not

---

[3] "Doc." numbers refer to the district court's docket entries.

specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The Eighth Amendment prohibits imposing "cruel and unusual punishments." U.S. Const. amend. VIII. "The amendment contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (internal quotation marks omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* at 1243 (internal quotation marks omitted). "This is so because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." *Raad*, 406 F.3d at 1323 (internal quotation marks omitted). The Supreme Court has explained that "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (alterations adopted) (emphasis omitted) (internal quotation marks omitted).

In evaluating an Eighth Amendment challenge to a noncapital sentence, "a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). If the court finds that the sentence is grossly disproportionate, "the court must then consider the sentences

imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id.*

Hardin has not shown that the district court plainly erred in imposing a 480-month sentence. Although this sentence is long, it did not exceed the statutory maximum. *See Johnson*, 451 F.3d at 1243–44 (holding that a sentence equal to the statutory maximum did not violate the Eighth Amendment). And Hardin has cited no precedent from the Supreme Court or this Court holding that a sentence like this one, which was within the statutory limits, violated the Eighth Amendment. We thus conclude there was no plain error.

**DISMISSED in part, AFFIRMED in part.**