[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12146

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH HENRY PENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:11-cr-00034-WMR-WEJ-1

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Joseph Penson has twice been sentenced to supervised release, and he has violated his conditions for release both times. His first stint of supervised release was revoked after he was arrested for driving under the influence. So was his second. This second time, the district court sentenced Penson to eighteen months' imprisonment with eighteen months' supervised release to follow.

Penson challenges both components of that sentence. He maintains that his prison sentence is substantively unreasonable and that his term of supervised release exceeds the statutory maximum. We disagree with his first argument but agree with the second. Penson's prison sentence is substantively reasonable, but—as the government acknowledges—the district court erred by imposing a term of supervised release exceeding five months. So we affirm Penson's prison sentence, vacate his term of supervised release, and remand.

**I.**

In 2011, Joseph Penson shot a man with a 12-guage shotgun and fled the scene. But the victim's injuries were merely "superficial," so Penson was indicted on only two counts: (1) possession of a firearm by a felon and (2) possession of an unregistered firearm. He pleaded guilty to possessing the shotgun as a felon, and the district court dismissed the other count. The

court sentenced Penson to ten years in prison and three years of supervised release. The terms of his supervised release prohibited him from committing another crime and required him to (among other things) "refrain from the excessive use of alcohol."

Penson began violating these conditions less than two months after he was released from prison. The violations continued for the next year or so, eventually culminating in an arrest for driving under the influence. Officers found five cans of Bud Light and an open container of Hennessy Cognac in the car. Four months later—while he was awaiting his court date—Penson was again arrested for driving under the influence.

When that court date eventually arrived, the district court revoked Penson's supervised release and sentenced him to another thirteen months' imprisonment. The court also tacked on three years of supervised release to follow, adding two new conditions along the way: Penson could not "drive a vehicle" or "use or possess alcohol." This three-year term of supervised release exceeded the maximum permissible length, however, so it was shaved down to twenty-three months on appeal. *See United States v. Penson*, 2022 WL 2089973, at *4 (11th Cir. June 10, 2022) (per curiam) (unpublished).

Penson's second stint of supervised release began in June 2022. He violated his conditions for release the next year. In 2023 he was arrested for a hit and run when he slammed into a power pole—with an open can of Bud Ice that was "cold and half full" in the center console, no less. Five months later he was yet again

arrested for driving under the influence.  When an officer tried to give Penson a field sobriety test, he declined: "There's no need, I'm drunk."

At the second revocation hearing, the government sought the statutory maximum penalty of two years' imprisonment with no supervision to follow.  Penson countered that he should serve zero additional jail time and instead "participate in inpatient rehabilitation."  The district court split the baby and sentenced Penson to eighteen months' imprisonment and eighteen months' supervised release.

Penson now appeals both parts of that sentence.

## II.

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion.  *See United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016).  And we generally assess the legality of a supervised release sentence de novo.  *See United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007).  But when "a defendant fails to object to an error before the district court, we review the argument for plain error." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

Penson did not object to his supervised release sentence before the district court, so we review that issue for plain error. The plain-error standard requires "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are met, then a court may exercise its discretion to correct the error if (4) the error seriously affects the fairness,

integrity or public reputation of judicial proceedings." *United States v. Moore*, 22 F.4th 1258, 1264–65 (11th Cir. 2022) (quotation omitted).

## III.

Penson raises two arguments on appeal. *First*, he claims that his eighteen-month prison term is substantively unreasonable. *Second*, he contends that his term of supervised release exceeds the statutory maximum. We reject his first argument but accept the second. Penson's sentence is substantively reasonable, but his maximum term of supervised release is five months.

## A.

Penson argues that his prison sentence is unreasonable because the district court "focused entirely on deterrence and the need to protect the community from Mr. Penson's crimes, giving no weight to the mitigative reasons why Mr. Penson violated his supervised release and the rehabilitative steps he was willing to undertake to ensure future compliance." He faults the court for not engaging in "a more careful, nuanced weighing" of the relevant factors. Specifically, Penson says, the district court should have acknowledged that he "violated his supervised release because he was in the throes of a deleterious addiction to alcohol that could only be solved with therapy and not incarceration."

Alcoholism is a terrible disease. But the district court did not err in sentencing Penson to eighteen months in prison. District courts may revoke a defendant's supervised release and impose a term of imprisonment after considering most of the factors set

forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3583(e)(3).  Some of these factors are unique to the defendant, like the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; and whether the sentence will "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id*. §§ 3553(a)(1), (a)(2)(D).  Others are broader, such as the need for the sentence to "afford adequate deterrence to criminal conduct" and to "protect the public from further crimes of the defendant." *Id*. § 3553(a)(2)(B)–(C).

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).  We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id*. at 1190.

There was no such error of judgment here.  As Penson himself recognized at the revocation hearing, his request for zero prison time was "extraordinary."  The district court appropriately emphasized that Penson poses a great risk to the public because he continues to drive drunk.  It is only by sheer luck that no one has

been killed or seriously injured when Penson has gotten behind the wheel.  The district court was also justified in reasoning that an eighteen-month sentence would provide some deterrence value going forward, as Penson expressed a strong desire to stay out of prison.

What's more—contrary to Penson's assertions—the court did consider the sentence "from the rehabilitative standpoint."  It concluded that prior rehabilitation efforts had been unsuccessful and that "rehabilitation is just one of the factors."  And the sentencing judge repeatedly acknowledged Penson's alcoholism, warning him of the dangers of alcohol and even going so far as to say that his own father was an alcoholic.

In any event, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and the court is permitted to attach great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation and citation omitted).  "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Gomez*, 955 F.3d 1250, 1257 (11th Cir. 2020) (quotation omitted).  The court satisfied these requirements.

**B.**

We do agree with Penson, however, that his eighteen-month supervised release sentence exceeds the limit established by 18 U.S.C. § 3583(h).  The government agrees too.

When a district court revokes a defendant's supervised release and sentences him to prison, any new supervised release term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of the supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."   18 U.S.C. § 3583(h).  The authorized term of supervised release for Penson's felon-in-possession offense was thirty-six months.  *Id.* §§ 922(g)(1); 3559(a)(3); 3583(b)(2).

The district court was correct that Penson's new eighteen-month prison sentence counts against his thirty-six-month maximum term of supervised release.  But we have explained that § 3583(h) provides defendants with credit for "the *aggregate* of prison terms served on prior revocations."  *Mazarky*, 499 F.3d at 1250 (emphasis added).  So because Penson was sentenced to thirteen months' imprisonment the first time that his supervised release was revoked, that too counts against the thirty-six-month maximum.  As such, given that Penson has been sentenced to thirty-one months' imprisonment between his two revocations, the district court could sentence him to only five months' supervised release here.

The district court erred by exceeding this five-month limit. The error is plain under the text of § 3583(h) and our precedents; it affects Penson's substantial rights by exposing him to "an unauthorized term of supervised release"; and it undermines the integrity of judicial proceedings by causing "an unnecessary

24-12146                Opinion of the Court                9

deprivation of liberty." *Moore*, 22 F.4th at 1265 (quotation omitted).

\*    \*    \*

We **AFFIRM** Penson's prison sentence. But we **VACATE** his term of supervised release and **REMAND** for the district court to resentence him to serve no more than five months of supervised release.